JULIA A. DEL RA et al., Respondents, *v.* EVA M. VAUGHAN, Appellant.

Third Department, July 10, 1956.

*F. E. Lehner, Morris Simon* and *Bernard Simon* for appellant.

*John A. Brady* for respondents.

BERGAN, J. P. In granting defendant's motion to direct a physical examination of plaintiff Julia A. Del Ra who sues for personal injuries, the court at Special Term has imposed as a

condition the requirement that a copy of the examining physician's report be sent to the attorney for the plaintiff.

Such a requirement has been sanctioned in the Second Department (*Tutone* v. *New York Cons. R. R. Co.*, 189 App. Div. 954; *Goldenberg* v. *Zirinsky*, 114 App. Div. 827), but not in the First or Fourth Departments. (Cf. *Feinberg* v. *Fairmont Holding Corp.*, 272 App. Div. 101; *Mizak* v. *Carborundum Co.*, 151 App. Div. 899, affg. 75 Misc. 205).

It is interesting to observe that the *Goldenberg* case (*supra*), the earlier decision of the Second Department (1906) was based on a strict construction of the statute which the court read to mean that since the physician was the choice of the court, the report of the court-selected examiner would be equally available to both sides. The later decision in the *Tutone* case (*supra*) was squarely for such availability.

There is a difference between a requirement for the disclosure of evidence gathered by a party in preparation for trial or a requirement to disclose matters held privileged between attorney and client, and matters which the judicial power compels one party to disclose at the instance of his adversary.

The disclosure required by examination before trial, for example, is available to both sides; and it seems reasonable to require that the results of a compulsory physical examination of an adverse party be made available to that party as well as the party who asks the court to compel the examination.

The general trend of the practice in personal injury cases is to attempt to narrow down the areas of medical dispute, and the aim is, ultimately, with the assistance of the medical profession, to eliminate most of the controversy on the medical side of personal injury cases.

The special rule for medical examinations in personal injury actions in the First Department, adopted in 1953, permits the court to direct medical examinations when it is of opinion that they would " be of material aid to the just determination of the case ". The examination is made by a member of a medical panel; and copies of the report are made available " to all parties ". (Bronx County Supreme Court Rules, Special Rule for Medical Examinations in Personal Injury Actions; New York County Supreme Court Rules, Special Rule for Medical Examinations in Personal Injury Actions.)

The condition imposed at Special Term is consistent with the practice in the Third Department requiring disclosure of contents of statements given by a party to a representative of an adverse party (*Wilhelm* v. *Abel*, 1 A D 2d 55). The earlier

decision of the court in *Meehan* v. *McCloy* (266 App. Div. 706) is in the same direction.

The order should be affirmed, with $10 costs and disbursements.

COON, HALPERN, ZELLER and GIBSON, JJ., concur.

Order affirmed, with $10 costs and disbursements.