■ MILO CRAWFORD, Respondent, et al., Plaintiff, v. INVESTORS PLANNING CORP., Appellant.— In a negligence action by plaintiff Milo Crawford to recover damages for personal injury, and by her husband Charles Crawford for loss of services, defendant appeals: (a) from an order of the Supreme Court, Queens County, dated November 21, 1963, which granted its motion to direct plaintiff Milo Crawford to submit to a physical examination by a physician designated by it, to the extent of directing such physical examination to proceed before another physician designated by the court; and (b) from an order of the same court, dated February 24, 1964 and made upon reargument, which adhered to the original determination. Appeal from original order of November 21, 1963 dismissed as academic; that order was superseded by the later order granting reargument. Order of February 24, 1964 reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith. In our opinion, the instant record on appeal is insufficient: (a) to show proper procedural compliance; and (b) to render defeasible the defendant's nomination of an examining physician. By virtue of rules I and X contained in part 4 of the rules of this court, effective September 1, 1963, regulating physical examinations and the exchange of medical information in personal injury and death actions, the defendant should have served a notice fixing the time and place of plaintiff's physical examination by a physician of its own selection. If such notice had been served, plaintiffs then would have had five days within which to move upon the ground, *inter alia*, that "the physician named is objectionable". The record shows that neither such a notice was served nor such a motion made. Passing these procedural omissions, the record contains no reasonable basis for plaintiffs' objection to the physician named by the defendant. It appears that the reasons for plaintiffs' objections were made known to defendant's attorneys, and possibly to the learned Special Term; but no such reasons are specifically set out in the record. Under all the circumstances, the matter must be remitted to Special Term for further proceedings. Defendant may elect to serve the notice required by rule I, in which event plaintiffs may timely move, upon express grounds of objection, to vacate the defendant's choice of physician; or, should the parties stipulate to waive such demand, the matter may be submitted to the Special Term for determination *de novo* upon additional papers specifically and at length disclosing the reasons for plaintiffs' objections to the physician of defendant's choice. There will thus be available a reviewable record upon which it may be determined whether the Special Term properly exercised its discretion in rejecting or upholding the defendant's nomination of the examining physician. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.