Harold P. Kelly, J.
The defendants, Mitchell and Leonard!, move for an order to require the plaintiff to submit to a physical and psychiatric examination by the defendants’ doctors. The plaintiff does not oppose the examinations but requests that he be permitted to have a court reporter present at the psychiatric examination to report and transcribe the questions and answers of the psychiatrist and the plaintiff. The plaintiff’s attorney states that the reason be desires the transcript of the examination is to enable him to cross-examine the psychiatrist on trial and to be better able to enquire into the validity of the conclusions of the psychiatrist.
*949 ‘ ‘ The general trend of practice in personal injury cases is to attempt to narrow down the areas of medical dispute, and the aim is, ultimately, with the assistance of the medical profession, to eliminate most of the controversy on the medical side of personal injury cases.” (Del Ra v. Vaughan, 2 A D 2d 156, 157; Glassberg v. New York City Tr. Auth., 16 Misc 2d 456, 457.)
The practice of having the parties’ doctor or attorney present at the examination reduces the possibility of misleading medical reports. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3127.07.) The same would be true of permitting a transcript to be made of the examination, in place of permitting the parties’ doctor or attorney to be present.
In Gonzi v. Superior Court (51 Cal. 2d 586, 589), the only reported ease that this court finds in which the question of having a reporter present at the physical examination of a party was permitted, the Supreme Court of California said: “ We held that since the court could order a plaintiff in a personal injury action to undergo a physical examination by the defendant’s doctor (Johnston v. Southern Pac. Co., 150 Cal. 535 [89 P. 348]) the plaintiff should be permitted ‘ to have the assistance and protection of an attorney during the examination.’ We said in the Sharff case that ‘ Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. ’ The same reasoning is applicable in the case at bar. If an injured plaintiff is not permitted to have a reporter present at the court-ordered examination by defendant’s doctors there is no disinterested person present to report, or later testify to, what occurred during the examination. If the defense-employed doctor is called upon to testify at the trial on the issue of plaintiff’s injuries his version of the questions and answers elicited at the examination might differ materially from plaintiff’s counsel’s version of the same questions and answers. It appears to us that orderly procedure in the administration of justice requires that permission be granted at the request of either party for a reporter’s presence in such a situation as is here presented.”
It should be kept in mind that the plaintiff is being compelled by the court to disclose at the instance of his adversary certain information that may affect his rights in the lawsuit and the courts have always permitted the party the protection of having the advice of counsel during the examination.
*950 The principal objections by the defendants’ psychiatrist to having the reporter present are that the presence of a third party would tend to interfere with the proper conduct of the examination- and that he would be unable to record every question and answer and would be at a disadvantage in drawing his report.
The defendants’ motion to examine the plaintiff is granted upon the condition that the plaintiff be permitted to have a court reporter present at the psychiatric examination. The reporter shall be stationed outside the examining room or in such a position as to not interfere with the proper conduct of the examination. In addition, the plaintiff shall supply the defendants’ psychiatrist with a copy of the transcript as soon as possible so as to assist the psychiatrist in the drawing of his report. In regard to the appearance, emotional reaction and other observations that cannot be reflected properly by questions and answers, the court believes that these can properly be explained by the psychiatrist and the transcript would, if anything, be of assistance. In addition, the plaintiff will furnish the defendants with a complete copy of his own medical reports.