Thomas R. Hadaway, J.
On the calendar call of the above action, the attorneys for the respective parties answered that the case was ready for trial, except that a physical examination of one of the plaintiffs, requested by the defendant, had not been ¡held, for the reason that the plaintiff objected to the doctor proposed by the defendant to make the examination. No reason was given for the objection of the doctor proposed by the defendant, except for the statement of the plaintiff’s attorney that the doctor proposed was “ a defense oriented doctor ”.
There is no proof, before the court, to sustain this contention or that the doctor in question is not qualified in his profession.
The statements of the opposing attorneys were entered in the record, and the court now treats the same as if a formal notice of examination had been made pursuant to CPLR 3121, and the plaintiff had moved, timely, for a protective order pursuant to CPLR 3122 and to modify or vacate the notice pursuant to the Rules of the Appellate Division, Second Judicial Department.
The Rules of the Appellate Division, Second Judicial Department, provide that at any time after the joinder of issue and service of a bill of particulars, the party to be examined, or any other party, may serve, on all of the other parties, a notice fixing the time and place of examination. If the notice is served by any party other than the party to be examined, the notice shall name the examining physician or physicians. Any party may move to modify or vacate the notice fixing the time and place of the examination, or the notice naming the examining physicians within five days after the receipt thereof, on the ground that the time or place fixed, or the physician named is objectionable. (22 NYCRR 672.1.)
The late Justice Clase J. Hoyt, in 1964, held that this rule did not appear to require a plaintiff to set forth his reasons for objecting to the physician selected by the defendant to examine, and that once the party to be examined objects to the physician selected by the examining party, the court must then direct the examination by a physician named by it. (Adamian v. Strandwall, 43 Misc 2d 856.)
This decision seems to have been overruled, in effect, by the Appellate Division, Second Judicial Department, which, under similar circumstances, remitted the matter to the Special Term for determination, de novo, upon additional papers specifically find at length disclosing the reason for plaintiff’s objection to *295 the physician of the defendant’s choice. (Crawford v. Investors Planning Corp. 21 A D 2d 888.)
A consensus of the decisions, not only in this jurisdiction, but in other jurisdictions, seems to be that, where the plaintiff objected that the physician designated by the defendant was biased, interested, or prejudiced, or the objection was based on a personality conflict between plaintiff’s counsel and the physician, or where it was claimed that the physician selected by the defendant was accustomed to testify as a defense witness, such reasons were not of sufficient importance for the court to set aside the notice of examination and to direct an examination by a physician named by the court. (Ann. 33 ALR 3d 1025 et seq.; Black v. Bisgier, 139 Misc. 100.)
For the plaintiff to merely allege that the physician proposed by the defendant to make a physical examination of the plaintiff is a defense oriented doctor, without submitting any proof to support his claim, is not sufficient reason for granting the plaintiff’s motion.
Plaintiff’s motion for a protective order and to modify or vacate the notice of examination is, therefore denied, both as a matter of law and also in the exercise of discretion.
At the calendar call on November 22, 1972, this case will be marked Over the term ’ ’.