KATHY JAKUBOWSKI, Appellant, v MARK K. LENGEN et al., Respondents. (Action No. 1.)

MARK K. LENGEN, Respondent, v GLENN R. BEUTEL, Respondent. (Action No. 2.)

Fourth Department, May 14, 1982

### APPEARANCES OF COUNSEL

*Grossman, Levine & Civiletto* (*Mark Grossman* and *Richard G. Berger* of counsel), for appellant.

*Earl, DeLange, May & Jones* (*Morgan Jones* and *William H. Earl* of counsel), for Glenn R. Beutel, respondent.

*Mercer & Burke* for Mark K. Lengen, respondent, in Action No. 1.

*Mark Anthony Violante* for Mark K. Lengen, respondent, in Action No. 2.

### OPINION OF THE COURT

DOERR, J.

In the course of a previously agreed upon physical examination of plaintiff by a physician designated by defendant in this personal injury action, it is claimed that a law clerk from the office of plaintiff's attorney unduly interfered

with the conduct of the examination causing it to be terminated by the doctor. Briefly noted, the so-called interference occurred when plaintiff's representative refused to permit her to sign various releases and authorizations requested by the doctor, since all required authorizations had already been provided to defendant's attorney. A further dispute arose when, according to the doctor, the law clerk directed plaintiff not to remove her slacks for the examination as requested by the doctor. According to the law clerk, the doctor told plaintiff to remove her panties to which the law clerk objected. The clerk also objected to the scope of questions asked of plaintiff by the doctor's secretary. Defendant moved pursuant to CPLR 3124 for an order compelling plaintiff to submit to a physical examination. Neither the notice of motion nor the supporting affidavit of defendant's attorney sought to impose any conditions on the examination nor specifically to have plaintiff's attorney excluded from the physical examination. Special Term granted the motion and, inexplicably, ordered that the physical examination of plaintiff be conducted "in the absence of the [p]laintiff's attorneys or anyone representing the [p]laintiff's attorneys".

There is little law in New York on the subject of excluding plaintiff's attorney from a physical examination by defendant. This is probably explained by the long-standing and seldom challenged practice of attorneys accompanying and being with their clients at physical examinations. Neither CPLR 3121 (physical or mental examination) nor the Uniform Calendar and Practice Rules of the Fourth Department (22 NYCRR 1024.25 [exchange of medical reports]) provide for an attorney's presence at physical examinations and, more importantly, they do not provide for his exclusion. One of the commentators who addresses the parameters of CPLR 3121 states that there is "good ground" for a party's insisting that his doctor or attorney be present at the physical examination because "the practice reduces the possibility of misleading medical reports" and information obtained about the way the examination was conducted may be helpful on cross-examination (3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.07).

Two lower court cases recognized these benefits and ordered a stenographer to record the psychiatric examinations conducted by defendant of plaintiff, the reporter to be stationed outside of the examining room, or in such a position so as not to interfere with the proper conduct of the examination (*Murray v Specialty Chems. Co.,*100 Misc 2d 658, 660; *Milam v Mitchell,* 51 Misc 2d 948, 950). In *Milam,* plaintiff's attorney did not ask that he be permitted to be present but instead requested the presence of a reporter so that a stenographic transcript could be made. Defendant's doctor, not defendant, objected to the presence of anyone in the room during the psychiatric examination on the grounds that it would interfere with his ability to examine and to prepare his report. In *Murray* the parties could not agree on the limits of the examination, the plaintiff refusing to be examined without the presence of her attorney.

Most litigation, of course, involves adversarial confrontation, not all necessarily confined to courtrooms or law offices. Perhaps in recognition of this fact of legal life, broad and generally liberally applied disclosure devices are provided for in CPLR article 31 which serve to accelerate disclosure when acceleration is needed, and to protect against disclosure when protection is appropriate. Pretrial disclosure has as its purpose the requirement that parties and witnesses shed their light before trial so as to avoid surprise and prevent litigation from becoming a game (Siegel, New York Practice, § 343, p 419). Physical examinations serve these ends by narrowing, if possible, areas of medical dispute through the assistance of the medical profession, and eliminating most of the medical controversy in a personal injury case (*Del Ra v Vaughan,* 2 AD2d 156). In order to perform his function the examining physician should be allowed to ask such questions as, in his opinion, are necessary to enable him as a physician to determine and report freely on the nature and extent of the injuries complained of. This may include inquiry into the peculiar manner in which the injuries were received (see *Wood v Hoffman Co.,* 121 App Div 636). The presence of plaintiff's attorney at such examination may well be as important as his presence at an oral deposition. A physician selected by defendant to examine plaintiff is not

necessarily a disinterested, impartial medical expert, indifferent to the conflicting interests of the parties. The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions. This is not to suggest that counsel may interfere with the conduct of the physical examination or that the examining room should be turned into a hearing room with lawyers and stenographers from both sides participating. The lawyer's role at the physical examination should be limited to the protection of the legal interests of his client apart from the actual physical examination in which he has no role. If the attorney's participation intrudes upon the examination, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his examination. Whether to invoke conditions must be considered in the light of the facts and circumstances of each case.

The value of the attorney's presence at the physical examination of his client has been well stated in *Sharff v Superior Ct. of City & County of San Francisco* (44 Cal 2d 508, 510): "Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination."

On this record, we cannot say that plaintiff's representative interfered, unduly or otherwise, with the physical examination. The court below made no such finding and it was an abuse of discretion to direct a physical examination of plaintiff in secret without a compelling showing of the need for the examination to be conducted in this fashion. It is noted that the only sworn statement which the court had before it of a participant in the aborted examination was that of the law clerk (now an attorney) from the office of plaintiff's attorneys.

The order should be modified by deleting therefrom the third ordering paragraph in its entirety.

DILLON, P. J., CALLAHAN, DENMAN and BOOMER, JJ., concur.

Order unanimously modified, and as modified, affirmed, with costs to appellant, in accordance with opinion by DOERR, J.