## Machinski v. Schaaf

*James Stuczynski,* for plaintiff.
*John Beatty,* for defendant.

ANTHONY, *J.,* September 17, 1984—Defendant, Marlene D. Schaaf, has filed a motion to compel medical examination in which she raises the issue of whether plaintiff has a right to have her counsel present at a medical examination when said examination is scheduled by defendant for purposes of discovery.

This action involves a rear-end automobile collision between a car driven by defendant and one driven by plaintiff Ann Machinski.* Defendant admits liability, and the only question involves the amount of damages. Among the various injuries averred to have resulted from the accident, plaintiff claims to be suffering from traumatic cervical, dorsal and lumbar myositis with severe muscle spasm; residual discomfort in her left knee; subluxation of her C-4 and C-5 vertebrae; and aggravation of her arthritic condition of the cervical spine. To verify

---

*Plaintiff Alfred Machinski was not present at the time of the accident. His claim for damages is derivative from the injuries sustained by his wife, Ann Machinski. Therefore, for the ease of discussion, when we refer to "plaintiff" hereinafter, we are only referring to Mrs. Machinski.

the diagnosis of these alleged injuries, the defendant has sought to have plaintiff examined by a board certified orthopedic surgeon. Plaintiff has agreed to undergo this medical examination only if her counsel may accompany her. The orthopedic surgeon has refused to allow plaintiff's counsel present and that brings us to the present impasse.

There is no dispute in this case that defendant has a right to have plaintiff examined pursuant to Pa. R.C.P. 4010. The only dispute is whether plaintiff's counsel should be allowed to be present.

The only Pennsylvania appellate court decision dealing with this issue is State Farm Mutual Automobile Insurance Co. v. Morris, 289 Pa. Super. 37, 432 A.2d 1089 (1981). In that case, the court stated that:

"Whether a person who is to be examined may be accompanied by his or her attorney is also discretionary with the court. In many cases, counsel will not be needed to protect the legal rights of the insured. The examination will be objective and the nature of the injuries readily diagnosed. . . . Other examinations, of course, may involve psychiatric ailments, or physical injuries not readily demonstrated by X-rays or other objective means. In such cases the attendance of counsel may be desired. Therefore, the court may, in its discretion, allow the [plaintiff's] attorney to be present during examination. See and compare: 10 Goodrich-Amram Procedural Rules Service p. 273, §4010(a):9." Id., at 142, 432 A.2d at 1092.

Plaintiff's injuries herein fall within that category of "physical injuries not readily demonstrated by X-rays or other objective means."

After consideration of the competing interests involved in this case, we believe that plaintiff should

be permitted to have her counsel present during the medical examination. Many of the injuries claimed by the defendant involve subjective analysis. The orthopedic surgeon, to conduct a proper diagnosis, must ask various questions of plaintiff. The amount of plaintiff's recovery may very well be determined by her answers to these questions. Thus, if she is confused or nervous when she sees the examining physician, who she may regard more as an adversary than an impartial professional, she may not give proper answers to his questions and be denied a damage award that fully compensates her for her injuries. The truth-finding function of our system of law would thus be impaired.

The presence of counsel may calm plaintiff and insure that she gives the doctor a complete and accurate answer. Counsel's presence will also insure that the doctor does not ask any questions inappropriate under the circumstances.

The New York Supreme Court, Appellate Division, has aptly noted how integral the medical examination is to discovery in a civil trial when it stated that:

"The presence of plaintiff's attorney at such examination may well be as important as his presence at an oral deposition. A physician selected by defendant to examine plaintiff is not necessarily a disinterested, impartial medical expert, indifferent to the conflicting interests of the parties. The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present . . . This is not to suggest that counsel may interfere with the conduct of the physical examination or that the examining room should be turned into a hearing room with lawyers and stenographers

from both sides participating. The lawyer's role at the physical examination should be limited to the protection of the legal interests of his client apart from the actual physical examination in which he has no role." Jakubowski v. Lengen, 86 A.D.2d 398, 450 N.Y.S.2d 612, 614 (1982).

In allowing plaintiff to have her counsel present at the physical examination, we are not unmindful that his presence may interfere with the doctor's examination. The appropriate solution to this concern has been anticulated by Judge Stanton R. Wettick of Allegheny County. In Koch v. Galardi, 11 D.&C.3d 750, 127 P.L.J. 332 (1979), the court permitted plaintiff's counsel to be present at a psychiatric examination requested by defendant. The court however held that this permission would be rescinded if "an affidavit from the examining [doctor was filed with the court] which avers that counsel's presence is likely to interfere with the examination and contains a satisfactory explanation to support this conclusion." Id., 11 D.&C. 3d at 753, 127 P.L.J. at 333. We believe that placing the burden on defendant to show via an affidavit why plaintiff's counsel will interfere with the examination is the appropriate safeguard in this case also.

We will therefore permit plaintiff's counsel to be present during the medical examination unless defendant establishes that his presence will interefere with the examination.

## ORDER

And now, this September 17, 1984, after consideration of defendant Marlene D. Schaaf's motion to compel medical examination, it is hereby ordered and decreed that:

1. Plaintiff Ann Machinski shall submit to a medical examination by Dr. Michael Skovron, or another qualified orthopaedic surgeon, at a time and place which the parties establish; and

2. Plaintiff's counsel shall be permitted to attend the examination unless it is established that his presence is likely to interfere with said examination.