*213 OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by defendant, Port Authority of New York and New Jersey, seeks an order directing plaintiff to appear at a psychiatric examination before movant’s physician; a further order is sought excluding plaintiffs attorney from the examination room during said examination. There is very little case law in this jurisdiction specifically dealing with the issue raised herein. The motion is disposed of as follows:
Plaintiff seeks to recover damages for injuries allegedly sustained on or about May 19, 1983 as a result of a malfunctioning elevator at One World Trade Center wherein it is alleged that plaintiff suffered "psychological trauma resulting in depression affecting professional functioning and social and personal functioning.”
Plaintiff has retained a physician (Dr. Jerome E. Driesen) to conduct a psychiatric examination of plaintiff; however, in keeping with his policy regarding psychiatric examinations, he could not conduct the examination with an attorney present in the room. The physician selected by the moving defendant to conduct the examination on its behalf will not conduct the examination of the plaintiff in the presence of an interested third party because to do so he claims would impede his ability to properly conduct the examination. The physician has no objection to an official court reporter being present and transcribing the physician’s examination. Plaintiffs attorney has refused to allow plaintiff to appear for said examination unless plaintiffs attorney is allowed to be present in the examination room during the examination. The herein motion resulted.
CPLR 3121 (a) provides, in pertinent part, as follows: "After commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a physical, mental * * * examination by a designated physician”.
There is no question that, unless plaintiff raises valid objections as to the selection of the doctor who is to conduct said examination, a defendant, in a personal injury action has the right to select, in the first instance, the physician to conduct the physical examination on its behalf (see, Crawford v Investors Planning Corp., 21 AD2d 888; Turnbull v Moulton, 72 Misc 2d 293).
The movant directs the court to certain cases and to CPLR 3103 (a) as authority for its request for a court order to the *214 effect that the examination herein be permitted to be conducted outside the physical presence of plaintiff’s attorney on the ground that to permit plaintiff’s counsel to be present during the psychological examination would frustrate a vital phase of discovery and seriously prejudice the movant’s defense.
In Milam v Mitchell (51 Misc 2d 948) relied upon by movant herein, the plaintiff did not oppose his submission to a physical and psychiatric examination by defendants’ doctors but did request that he be permitted to have a court reporter present at the psychiatric examination to report and transcribe the questions and answers of the psychiatrist and the plaintiff. There is no indication in Milam (supra) that the plaintiff’s attorney was barred from said examination; as a matter of fact, there is nothing in the reporting of said case that reflects that plaintiff’s attorney desired to be present at said examination. The court, in its decision, ruled that the defendant’s motion to examine plaintiff was granted upon the condition that plaintiff be permitted to have a court reporter present at the psychiatric examination and called for the reporter to be stationed outside the examining room or in such a position as to not interfere with the proper conduct of the examination.
In Murray v Specialty Chems. Co. (100 Misc 2d 658), another case relied upon by the movant, the plaintiff, as in the case at bar, did not oppose an examination by defendant’s physician, but insisted that plaintiff’s attorney be present during said examination. The court in Murray updated the defendant’s request to exclude the plaintiff’s attorney and conditioned the examination along the lines stated above in the Milam case.
Although Milam (51 Misc 2d 948, 949, supra) did not deal with the issue of an attorney’s presence at his client’s examination, the decision is most informative in that it recognizes that "[t]he practice of having the parties’ doctor or attorney present at the examination reduces the possibility of misleading medical reports” and made the following pointed observation (p 949): "It should be kept in mind that the plaintiff is being compelled by the court to disclose at the instance of his adversary certain information that may affect his rights in the lawsuit and the courts have always permitted the party the protection of having the advice of counsel during the examination.”
As to the issue presented at bar, this court finds the decision in Jakubowski v Lengen (86 AD2d 398) is not only more *215 appropriate and most persuasive, in the absence of a contrary decision in the Second Department, it is binding on this court. The court, in Jakubowski, recognized that the presence of plaintiffs attorney at a physical or mental examination may well be as important as his presence at an oral deposition. In Jakubowski, the court found that (p 401): "[t]he possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiffs counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions.” In addition, the information obtained by the plaintiffs attorney at said physical or mental examination about the way in which the examination was conducted, may be helpful on cross-examination.
Without a compelling showing of the need for an examination to be conducted outside the presence of a client’s attorney in personal injury cases, the presence of the attorney at such examination should be allowed. The court notes the affidavit of the movant’s consultant to the effect that the presence of one of plaintiffs attorneys (as an "interested” third party) during the psychiatric examination would be inappropriate and would invalidate the examination. The contentions by movant’s physician as to the presence of plaintiffs attorney at said examination being stifling, is a conclusory, self-serving statement not supported by any independent authority. In any event, conduct by an attorney amounting to true interference with the proper conduct of an examination can be dealt with by the court should it occur.
The record presented herein contains no compelling reasons to exclude the plaintiffs attorney from said examination.
The motion is granted to the extent it seeks an order compelling plaintiff to submit to a psychiatric examination by movant’s physician; said motion is denied, however, to the extent it seeks an order excluding plaintiffs attorney from the examination room during said examination.