DIANA GRAY, Individually and as Parent and Legal Guardian of SCOTT V. FUCCI, an Infant, Plaintiff, v VICTORY MEMORIAL HOSPITAL et al., Defendants.

Supreme Court, Kings County, January 10, 1989

**APPEARANCES OF COUNSEL**

*Frank E. Maher, P. C. (Kathleen A. Lyons* of counsel), for Victory Memorial Hospital, defendant. *Jackie Gallers* for plaintiff.

**OPINION OF THE COURT**

NICHOLAS A. CLEMENTE, J.

In an order dated November 15, 1988, this court held that defendant Victory Memorial Hospital (Victory) is entitled to have plaintiff examined by a psychiatrist although plaintiff may have a representative present at the examination. The

issue that has arisen is whether the representative may be the psychiatrist who treated plaintiff and will testify at trial. Victory, at a conference conducted on this case, has requested by way of reargument that plaintiff be barred from having his psychiatrist present at the examination. In my view the weight of authority indicates that Victory is not entitled to the requested relief.

While the specific issue presented does not appear to have been directly addressed the issue of plaintiff's representation at an examination conducted on behalf of an adversary is a recurring one. *Jakubowski v Lengen* (86 AD2d 398) is particularly instructive on the subject. The court in discussing the matter stated, "There is little law in New York on the subject of excluding plaintiff's attorney from a physical examination by defendant. This is probably explained by the long-standing and seldom challenged practice of attorneys accompanying and being with their clients at physical examinations. Neither CPLR 3121 (physical or mental examination) nor the Uniform Calendar and Practice Rules of the Fourth Department (22 NYCRR 1024.25 [exchange of medical reports]) provide for an attorney's presence at physical examinations and, more importantly, they do not provide for his exclusion. One of the commentators who addresses the parameters of CPLR 3121 states that there is 'good ground' for a party's insisting that his doctor or attorney be present at the physical examination because 'the practice reduces the possibility of misleading medical reports' and information obtained about the way the examination was conducted may be helpful on cross-examination (3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.07)." *(Supra,* at 399.)

Significantly, the court in *Jakubowski (supra)* seems to accept as equivalent whether plaintiff is accompanied to an examination by his lawyer or doctor.

It has been held that a plaintiff being examined by a defendant's psychiatrist may have a lawyer present *(Nalbandian v Nalbandian,* 117 AD2d 657; *Ponce v Health Ins. Plan,* 100 AD2d 963; *Reardon v Port Auth.,* 132 Misc 2d 212). Courts have also held that a plaintiff is entitled to have defendant's psychiatric examination transcribed *(Milam v Mitchell,* 51 Misc 2d 948; *Murray v Specialty Chems. Co.,* 100 Misc 2d 658). In fact, one decision while not fully explaining its reasoning directed that plaintiff may have a psychiatrist present and not an attorney *(Kearns v University Hosp.,* NYLJ, Dec. 30, 1980, at 4, col 1 [Sup Ct, NY County, Bookson, J.]).

What emerges is that there is a strong predisposition to permit plaintiff to be accompanied to an examination. The examination is after all part of the adversarial process. To deny plaintiff accompaniment of his choice, be it an attorney or a psychiatrist sent by an attorney, is to infringe upon his right to be assisted by counsel *(cf., Matter of Alexander L.,* 60 NY2d 329). Absent a compelling showing of why plaintiff's psychiatrist should not be permitted *to observe* the examination, a showing which defendant has not made, there is no basis to grant defendant the relief requested.

The court is aware of the ramifications in permitting a plaintiff's treating physician to attend an examination by a defendant's physician with potential evidentiary problems. Therefore, it must be noted that while plaintiff may have his psychiatrist present that does not mean that the trial will deal with the collateral issue of the manner in which the examination was conducted, i.e., plaintiff's psychiatrist will not be permitted to testify on plaintiff's direct case about the procedures and methods used by defendant's psychiatrist at the examination. On the other hand, it should be recognized that plaintiff's psychiatrist's presence may furnish plaintiff's counsel with material for cross-examination that would otherwise be unavailable.

Defendant's motion to reargue is denied.