**Domenico DI BARI, Plaintiff,**

v.

**INCAICA CIA ARMADORA, S.A., Defendant.**

**No. CV–85–0334 (EHN).**

United States District Court, E.D. New York.

June 7, 1989.

---

Theodore H. Friedman, New York City, for plaintiff.

Joseph Gulmi, Gulmi & LaPenta, New York City, for defendant.

## ORDER

JOHN L. CADEN, United States Magistrate.

In this personal injury action, plaintiff claims damages arising out of physical and psychological injuries he sustained while working aboard the vessel "Orestia," a ship owned and operated by the defendant. Plaintiff instituted this action in State Supreme Court, Kings County, on January 10, 1985. The action was removed by defendant to this court on January 31, 1985.

The present dispute arises from plaintiff's refusal to continue his psychiatric examination by defendant's doctor without the presence of his attorney. Plaintiff argues that a plaintiff is entitled to have both his attorney and a stenographer present at the psychiatric examination by the defendant's doctor. The undersigned has reviewed all the correspondence from both sides on this issue as well as the cases submitted by each side for the court's review.

Plaintiff cites numerous State Court decisions in support of this position. *See Jakubowski v. Lengen,* 86 A.D.2d 398, 450 N.Y.S.2d 612 (4th Dep't 1982); *Reardon v. Port Authority,* 132 Misc.2d 212, 503 N.Y. S.2d 233 (Sup.Ct. Nassau Co.1986); *Mur-*

*ray v. Specialty Chemicals Co.,* 100 Misc.2d 658, 418 N.Y.S.2d 748 (Sup.Ct. Queens Co.1979); *Milam v. Mitchell,* 51 Misc.2d 948, 274 N.Y.S.2d 326 (Sup.Ct. Niagra Co.1966); *Gray v. Victory Memorial Hospital,* 142 Misc.2d 302, 536 N.Y.S.2d 679 (Sup.Ct. Kings Co.1989). These cases clearly allow plaintiff's attorney and/or a stenographer to be present during a psychiatric examination by the other side. *See, e.g., Gray v. Victory Memorial Hospital, supra.* The underlying rationale for this line of cases is the view that the examination is part of the adversarial process, and that to deny plaintiff this right would be to infringe on his right to be assisted by counsel. In addition, the courts note that there is nothing in the CPLR which would bar plaintiff's counsel from attending the examination.

The federal cases cited by defendant, on the other hand, take a diametrically opposite view of the problem and generally prohibit plaintiff's attorney from being present at a psychiatric or physical examination of plaintiff by defendant's doctor pursuant to Rule 35, Federal Rules of Civil Procedure. *See Swift v. Swift,* 64 F.R.D. 440 (E.D.N.Y.1974); *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543 (S.D.N.Y. 1978); *Cline v. Firestone Tire & Rubber Company,* 118 F.R.D. 588 (S.D.W.Va.1988); *McDaniel v. Toledo, Peoria and Western Railroad Co.,* 97 F.R.D. 525 (C.D.Ill.1983); *Dziwanoski v. Ocean Carriers Corp.,* 26 F.R.D. 595 (D.Md.1960); *Neumerski v. Califano,* 513 F.Supp. 1011 (E.D.Pa.1981); *Warrick v. Brode,* 46 F.R.D. 427 (D.Del. 1969). The presence of attorneys at psychiatric examinations has been denied in the federal courts because of the special nature of such an examination "which relies ... upon unimpeded one-on-one communication between doctor and patient." *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543, 546 (S.D.N.Y.1978). However, more fundamental is the view in these cases that, far from being adversarial in nature, these examinations should be divested as far as possible of any adversary character. *McDaniel v. Toledo, Peoria and Western Railroad Co.,* 97 F.R.D. 525, 526 (C.D.Ill.

1983); *Warrick v. Brode,* 46 F.R.D. 427 (D.Del.1969). In addition, courts are wary of the ethical problems posed under Canon 5, DR5–102, when an attorney for a party makes himself a potential witness in the action. *Id.* As such, plaintiff will not be allowed to have his attorney present during the examination.

■ There were no federal cases cited by the defendant which deal with the right of the plaintiff to have a court reporter present at the examination. The undersigned agrees with plaintiff's counsel that a psychiatric examination by defendant's doctor is in reality adversarial in nature. In addition, it is the undersigned's recollection that Mr. DiBari is a middle-aged man who is not well educated, and more importantly, has difficulty with the English language. Because of this, his ability to communicate to his counsel what occurred during this psychiatric examination may be seriously impaired, thus preventing plaintiff's counsel from adequately preparing a cross-examination of the psychiatrist at trial. As such, the plaintiff will be allowed to have a court reporter present during the examination. It will be the duty of plaintiff's attorney to ensure that the presence of the court reporter will be as surreptitious and unobtrusive as possible so as not to impede, influence or in any way obstruct defendant's psychiatric evaluation of the plaintiff. In addition, a copy of the transcript shall be provided to defendant's counsel within 10 days after the examination is completed.

SO ORDERED.