■ RAYMOND D. SAVARESE, II, Appellant, v YONKERS MOTORS CORP. et al., Respondents. [614 NYS2d 4] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about November 15, 1993 which, to the extent appealed from, denied plaintiff's request for permission to videotape the psychiatric examination to be performed by defendants' psychiatrist, and granted defendants' application to compel plaintiff to submit to an examination by a rehabilitation specialist, and denied that portion of plaintiff's motion for a special preference, unanimously modified, on the law, the facts, and in the exercise of discretion to deny that portion of defendants' motion seeking a direction that plaintiff submit to an examination by defendants' rehabilitation specialist, and as so modified, the order is affirmed, without costs.

It was an abuse of discretion for the IAS Court to deny plaintiff's request for a protective order pursuant to CPLR 3103 (a). Defendant's expert is not a medical doctor but a PhD in rehabilitation counseling. As we held in *D'Amico v Manufacturers Hanover Trust Co.* (182 AD2d 462), nothing in the Civil Practice Law and Rules or in the Uniform Rules for Trial Courts extends the scope of discovery to include examination of a party by persons in the allied health professions *(see also, Radolinski v Otis El. Co.,* 188 AD2d 289). Plaintiff already has submitted and is being required to submit to additional examinations by several doctors of medicine, and defendants have made no showing regarding the nature of the procedures to be employed by their rehabilitative counselor or why he cannot make his evaluation from the available medical evidence.

It was not an abuse of discretion, however, for the trial court to deny plaintiff's request to videotape or audiotape the ordered psychiatric examination in light of the fact that counsel will be present during the examination to protect plaintiff's interests *(cf., Barraza v 55 W. 47th St. Co.,* 156

AD2d 271; *Milam v Mitchell,* 51 Misc 2d 948; *Murray v Specialty Chems. Co.,* 100 Misc 2d 658). Nor was it an abuse of discretion to deny plaintiff a trial preference pursuant to CPLR 3403 (a) (3) *(see, Nold v City of Troy,* 94 AD2d 930). Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.