**Betty SIMMONS and Tommy Simmons, Relators,**

v.

**The Honorable Jim Noble THOMPSON, Judge, 62nd Judicial District Court, Lamar County, Texas, Respondent.**

No. 06–95–00033–CV.

Court of Appeals of Texas, Texarkana.

May 11, 1995.

Rehearing Overruled June 6, 1995.

Stephen F. Malouf, Emily J. Young, Dallas, for relators.

Sudie Thompson, Dallas, for real party in interest '21' Intern. Holdings.

Keith Drummond, Dallas, for real party in interest Applied Silicone, et al.

Allyson L. Perkins, Dallas, Richard L. Josephson, Houston, for real party in interest Dow Chemical.

John Henderson, Dallas, for real party in interest Dow Corning Corp.

Philipa M. Remington, Dallas, for real party in interest Dr. Byron Brown.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Relator, the plaintiff in a breast implant damage suit, has filed a motion for leave to file a petition for writ of mandamus to compel the Honorable Jim Thompson, District Judge of the 62nd Judicial District, to

set aside his order denying her request to be accompanied by her attorney during a physical examination to be conducted pursuant to Tex.R.Civ.P. 167a.

Relator has made no attempt to show a particularized need for her attorney's presence at the scheduled examination. Instead, she contends that the issue is one of law rather than fact, and that she has an absolute right as a matter of law to have her attorney present at the examination. Yet relator concedes that Rule 167a, which governs such examinations, grants no such right.

We conclude that, in the absence of any rule or statute, the right to have one's attorney present at a physical examination ordered pursuant to Rule 167a is a matter to be determined within the discretion of the trial court on a case-by-case basis according to evidence showing a particularized need therefor.

As relator has produced no facts showing a need for the presence of her attorney, we conclude that she has failed to show a probable abuse of discretion on the part of the trial court, and therefore her petition and brief do not show that she is probably entitled to the relief sought in this proceeding.

Because we are not of the tentative opinion that relator is probably entitled to the relief sought, the motion for leave to file petition for writ of mandamus is overruled. The stay issued by this Court is dissolved as of this date.

GRANT, Justice, dissenting.

A party has a right to have an attorney present at any critical stage of the litigation process. The right to counsel in civil cases arises from the Due Process Clause. An attorney's presence at a physical examination may be just as important as his presence at an oral deposition. *Jakubowski v. Lengen,* 86 A.D.2d 398, 450 N.Y.S.2d 612 (1982).

This is not an impartial medical expert doing the examination, but a physician selected by the opposing party. Thus, the adversarial status of the examining doctor is a compelling reason to permit attendance by counsel to prevent improper questioning on liability issues and to observe possible short-

comings and improprieties in the examination.

The rules do not specifically provide that a party has a right to have an attorney when his or her deposition is taken, but we assume that right from the fundamental right to counsel during litigation. Without a rule to prohibit counsel being present, I do not believe that the trial court has a right to exclude counsel from this critical phase of the legal arena in which the parties are entitled to the protection and advice of counsel.

I would grant the motion to file a petition for writ of mandamus.