■ KATHERINE PARSONS, Appellant, v HYTECH TOOL & DIE, INC., Respondent. [661 NYS2d 362] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its discretion in requiring plaintiff to be examined by a neuropsychologist located in Mississauga, Ontario. Defendant established that there were no suitable neuropsychologists located closer to plaintiff's residence, and the court required defendant to reimburse plaintiff for her expenses and those of a companion.

The court abused its discretion, however, in requiring plaintiff to submit to the examination outside the presence of her attorney. A plaintiff being examined by a defense physician is entitled to have his or her attorney present during the examination unless defendant makes a positive showing of necessity for the exclusion of the attorney (*see, Jakubowski v Lengen,* 86 AD2d 398, 400-401; *Reardon v Port Auth.,* 132 Misc 2d 212, 215; *see also, Matter of Alexander L.,* 60 NY2d 329, 335-337; *see generally, Lamendola v Slocum,* 148 AD2d 781, 781-782, *lv dismissed* 74 NY2d 714; *Ponce v Health Ins. Plan,* 100

AD2d 963, 964). Defendant failed to make the required showing. Plaintiff's attorney must be seated approximately five feet behind or to the side of plaintiff and must have an unobstructed view of the examination, but must not interfere with the conduct of the examination. We decline to disturb the court's denial of plaintiff's request to have the examination audiotaped or videotaped. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.