Paul F. MARSCH, Plaintiff,

v.

RENSSELAER COUNTY; Daniel V. Keating, individually and in his capacity as Rensselaer County Sheriff; Robert Loveridge, individually and in his capacity as Superintendent of Rensselaer County Corrections Department; Jason Dessingire (Badge 3009), individually and in his capacity as a Sergeant employed by Rensselaer County; Mark Piche,(Badge 3006), individually and in his capacity as a Sergeant employed by Rensselaer County; James Suriano, individually and in his capacity as a Corporal employed by Rensselaer County; Jason Valente (Badge 3085), individually and in his capacity as a corrections officer; Thomas Sawyer (Badge 3038), individually and in his capacity as a corrections officer; Co Cachioli (Badge 3056), individually and in his capacity as a corrections officer; Trooper Holohan; John Doe, Troopers, fictitious names, true names unknown, party or parties intended being New York State Troopers who violated the rights of plaintiff on August 2, 2000; Paul Antonovich, a Trooper with the New York State Police, in his individual capacity; Edward Hughes, a Trooper with the New York State Police, in his individual capacity; Dennis Martinez, a Trooper with the New York State Police, in his individual capacity;

Trooper Cushing, a Trooper with the New York State Police, in his individual capacity; and Scott MacDowell, an Investigator with the New York State Police, in his individual capacity, Defendants.

No. 01–CV–1219(DNH/DRH).

United States District Court, N.D. New York.

Oct. 10, 2003.

Iseman, Cunningham, Riester & Hyde, LLP (Linda J. Clark, Esq., Brian M. Culnan, Esq., Lydia H. Meunier, Esq., of counsel), Albany, NY, for Plaintiff.

Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander (John W. Bailey, Esq., Nannette R. Kelleher, Esq., of counsel), Albany, NY, for Rensselaer County defendants.

Matthew J. Turner, Esq., Troy, NY, for Defendant Piche.

Dreyer Boyajian LLP (Daniel J. Stewart, Esq., of counsel), Albany, NY, for Defendant Sawyer.

Hon. Eliot Spitzer, Attorney General for the State of New York (Roger W. Kinsey, Esq., Assistant Attorney General, of counsel), Albany, NY, for State Police defendants.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Presently pending is the motion of defendants Rensselaer County, Daniel V. Keating, Robert Loveridge, Jason Dessingire, James Suriano, Jason Valente and CO Cachioli (collectively the "County defendants") for an order pursuant to Fed.R.Civ.P. 35 compelling plaintiff Paul F. Marsch ("Marsch") to submit to a mental examination and for costs and attorney's fees. Docket No. 78.[1] Marsch opposes the motion. Docket Nos. 82, 83. For the reasons which follow, the County defendants' motion is granted in part and denied in part.

### I. Background

Marsch's claims here arise from his arrest and incarceration on August 2, 2000. On that date, Marsch was arrested at his home by officers of the New York State Police on charges stemming from a domestic dispute with his daughter. Marsch alleges that the State Police defendants used excessive force during the arrest. Marsch was then taken to the Rensselaer County Correctional Facility where he alleges he was assaulted by the County defendants, causing injuries which included a broken jaw. Marsch commenced this civil rights action on August 1, 2001 against the individual officers and their supervisors, and against the County under *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In his amended complaint, Marsch asserts claims which include one for intentional infliction of emotional distress and the damages asserted include those for "emotional anguish" and "severe emotional distress and psychological injury." Am. Compl. (Docket No. 9) at ¶¶ 88, 98, 100. At his deposition,

---

1. Defendant Thomas Sawyer joins the motion. Docket No. 81.

Marsch further testified that defendants' conduct caused distrust of authority, panic and nightmares. Marsch Dep. (Docket No. 79, Ex. E) at 68–73, 111–14, 216–19. With Marsch's agreement, the County defendants arranged for Marsch to undergo an examination on June 18, 2003 by Dr. Melvin J. Steinhart, a psychiatrist retained by the County defendants. Kelleher Affirm. (Docket No. 79) at Exs. J, K; Meunier Affirm. (Docket No. 82) at ¶ 7. Marsch appeared for the examination on June 18, 2003 accompanied by his civil attorney.[2] Meunier Affirm. at ¶¶ 8, 12, 13. The attorney remained present throughout Dr. Steinhart's examination of Marsch. *Id.* at ¶¶ 14–23. The attorney advised Dr. Steinhart that the Court had limited the scope of the examination to matters occurring within five years of August 2, 2000, the date of the incident giving rise to this action and refused to permit Marsch to answer any questions outside that scope. *Id.* at ¶¶ 18–23.

Dr. Steinhart then wrote to counsel for the County defendants complaining that both the scope of the examination permitted by Marsch's attorney and the presence of his attorney impeded Dr. Steinhart's ability to conduct the examination. Kelleher Affirm. at Ex. N. On June 20, 2003, counsel for the County defendants asked Marsch's counsel to agree to consent to a second examination of Marsch by Dr. Steinhart without the restricted scope and without the presence of Marsch's counsel. *Id.* at Ex. L. Marsch's attorney did not respond. *Id.* at ¶¶ 23–24. The County defendants filed the instant motion on June 27, 2003. Docket No. 78.

## II.  Discussion

Marsch does not dispute that the County defendants may conduct a psychiatric examination of Marsch pursuant to Fed.R.Civ.P. 35 and consented to the June 18 examination. Thus, the issues presented by this motion are (1) whether the scope of Dr. Steinhart's examination is restricted to the five-year period

preceding the events of August 2, 2000 which gave rise to this action, and (2) whether Marsch's attorney may be present while Marsch is examined by Dr. Steinhart.[3]

### A.  Scope of the Examination

■ The County defendants first contend that Marsch's attorney improperly limited the scope of Dr. Steinhart's examination to matters occurring within the five years preceding August 2, 2000 and excluding matters related to the criminal charges pending against Marsch.

Marsch's attorney limited the scope of the examination based on prior rulings by the Court on discovery issues. During Marsch's deposition on September 5, 2002, Marsch objected to questions regarding any history of alcoholism and prior arrests. A conference was held with the Court and an oral order, placed on the record by the parties, was issued limiting questioning concerning both topics to occurrences within the five years preceding the events of August 2, 2000. Kelleher Affirm. at ¶ 31 & Ex. E. pp. 86–88; Meunier Affirm. at ¶ 2. The Court also limited the parties' discovery demands regarding such matters as Marsch's prior employment, his medical history, prior uses of force by defendants and any investigations of defendants for excessive uses of force to the five years preceding August 2, 2000. *See* Order filed July 24, 2002 (Docket No. 41); Meunier Affirm. at ¶ 5. All such rulings were grounded on relevance.

Marsch contends that the limitations restricting discovery of various matters to the five years preceding August 2, 2000 constituted a "five-year rule" for purposes of all discovery, including Dr. Steinhart's examination of Marsch. Thus, although no application was ever made, Marsch contends that these rulings constituted a protective order under Fed.R.Civ.P. 26(c). Pl. Mem. of Law (Docket No. 82) at 5–7. However, Marsch's reliance on the Court's prior discovery rulings was misplaced for at least two reasons.

---

2.  As discussed *infra*, Marsch is presently under indictment on criminal charges and is represented by separate counsel in that case.

3.  Marsch moves pursuant to Rule 35, which authorizes mental examinations under certain cir-

cumstances. However, motions to compel discovery, as here, are governed by Fed.R.Civ.P. 37(a)(2). Therefore, the County defendants' motion will be deemed made pursuant to Rule 37(a)(2).

First, no protective order was ever in fact entered. Rulings on specific discovery issues were made which resolved objections on grounds of relevance. No order was ever entered precluding all discovery of matters occurring more than five years prior to August 2, 2000. More importantly, no such order was ever sought. Thus, Marsch acted unilaterally and without legal basis in restricting the scope of Dr. Steinhart's examination. Marsch's attorney was well familiar with obtaining protective orders from the Court in a variety of circumstances. His determination to limit Dr. Steinhart's examination on the basis of a "five-year rule" which did not exist, and to do so without prior notice to the County defendants, was improper. If Marsch believed that the examination should be restricted in any way, a ruling on any such protective order should have been obtained prior to the examination.

Second, no such restriction should be placed on Dr. Steinhart's examination. Marsch's contention presents a question of the relevance of the information sought by Dr. Steinhart to the matters at issue in this case. That question is governed by Fed. R.Civ.P. 26(b), which defines relevance broadly to include both admissible evidence and evidence, admissible or not, likely to lead to the discovery of admissible evidence.. Application of this rule to the facts of a particular case is committed to the discretion of the trial court. *See David Tunick, Inc. v. Kornfeld,* 151 F.R.D. 534, 535 (S.D.N.Y.1993) (citing cases).

Here, the prior discovery rulings concerned objections on grounds of relevance to evidence and information sought to establish or impeach factual matters related to the events of August 2, 2000 and any damages arising therefrom. These included Marsch's employment and medical history, his prior arrests, the defendants' prior uses of force and investigations of the defendants for the use of excessive force. The five-year rule imposed for such factual matters rested on the ground that unless connected to events occurring within the five years prior to August 2, 2000, events occurring more than five years prior to August 2, 2000 were too atten-

uated to bear any possible relevance to the matters at issue in this case.

A mental examination under Rule 35, however, implicates different considerations. There, responses concerning events occurring more than five years prior to August 2, 2000 are sought as bases for opinions. An expert may require such information for various purposes, including to establish a baseline for comparison to events and conduct occurring later, establishing a rapport with the subject, determining the impact of prior events and occurrences on subsequent conduct, and discerning causal relationships between prior events or occurrences and subsequent conditions or conduct. Thus, for an expert witness such as Dr. Steinhart, the validity of the expert's opinions are substantially affected by the expert's ability to obtain the information which the expert deems relevant to the issues. Restrictions such as those imposed here by Marsch under the purported "five-year rule" substantially and unreasonably impair the ability of the expert to form opinions and unfairly undermine the credibility and weight to which any such opinions may be entitled.

Thus, while discovery of matters occurring beyond the five years preceding August 2, 2000 was irrelevant for most matters in this case, Dr. Steinhart should nevertheless have been able to inquire about matters occurring prior to that period during his examination of Marsch. It was improper for Marsch unilaterally to restrict the examination on this basis. Moreover, if Marsch believes that any matters revealed to Dr. Steinhart during an examination should be excluded from testimony at trial, he remains able to seek preclusion of such evidence through a motion in limine. However, the County defendants are entitled to have Marsch examined again by Dr. Steinhart without the restriction of any purported "five-year rule."

### B. Presence of Marsch's Attorney

The County defendants next contend that it was improper for Marsch's attorney to insist on observing Dr. Steinhart's examination of Marsch.

The parties do not dispute that the practice under New York State law permits

attorneys to observe the physical and mental examinations of their clients. *See, Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12 (E.D.N.Y.1989). In federal court, however, the attendance of a subject's counsel or other observer is generally prohibited unless required by unusual circumstances. *See Baba-Ali v. City of New York*, No. 92CIV.7957(DAB)(THK), 1995 WL 753904, at *1 (S.D.N.Y. Dec. 19, 1995) ("most courts begin with a presumption against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particular case. The weight of authority is clearly against the presence of counsel at an examination .... "); *Di Bari*, 126 F.R.D. at 12 (permitting a stenographer to attend where subject's education and language skills likely would limit his ability to communicate to his attorney what occurred during the examination).

Here, Marsch contends that the presence of his attorney was required for two reasons. First, it was necessary for the attorney to be present to insure that Dr. Steinhart did not violate the "five-year rule." As discussed *supra* in subsection A, no such rule existed for the examination and thus did not warrant the presence of Marsch's counsel. Second, both Marsch and defendant Thomas Sawyer face criminal charges. *See United States v. Marsch*, No. 02–CR–146 (LEK) (N.D.N.Y. indictment filed Apr. 26, 2002); *People v. Sawyer*, No. 0242860 (Rensselaer County trial scheduled for Dec. 11, 2003) (Bauer, J.). Discovery from either Marsch or Sawyer concerning the pending criminal charges was prohibited pending resolution of those charges. Kelleher Affirm. at ¶ 31 & Ex. E. pp. 86–88; Meunier Affirm. at ¶ 2. This ruling was grounded on the Fifth Amendment privilege against self-incrimination of Marsch and Sawyer. Marsch contends that his attorney's presence at the examination by Dr. Steinhart was necessary to protect his Fifth Amendment privilege.

■ As Marsch notes, the examination by Dr. Steinhart likely was not protected from disclosure by the doctor-patient privilege. Meunier Affirm. at ¶ 30. Thus, Marsch risked the possibility that his statements during the examination could be used against

him in the pending criminal prosecution. Because questions of privilege under the Fifth Amendment may involve complex questions of both law and fact, it was necessary for Marsch to be represented by counsel during the examination to protect against such disclosures. The need to protect Marsch's Fifth Amendment rights thus justifies the presence of an attorney during the examination by Dr. Steinhart.

This justification may terminate, however, with the resolution of the criminal charges against Marsch. At that point, the need to protect Marsch regarding those charges may have ended. Thus, if the re-examination by Dr. Steinhart occurs after the resolution of the criminal charges, the attendance of Marsch's attorney may not be justified. Whether the re-examination of Marsch by Dr. Steinhart occurs before or after the resolution of Marsch's criminal charges will be determined at a conference in this case presently scheduled for October 20, 2003.

### C. Costs and Attorney's Fees

■ Finally, the County defendants seek an award of costs and attorney's fees incurred as a result of the first examination of Marsch by Dr. Steinhart and the making of the instant motion. Kelleher Affirm. at ¶ 36. Marsch opposes the request. Pl. Mem. of Law at 8–11.

Fed.R.Civ.P. 37(a)(4)(A) states in pertinent part:

> If the motion [to compel discovery] is granted ..., the court *shall* ... require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless* the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or the opposing party's nondisclosure, response, or objection was substantially justified.

(Emphasis added). This rule thus mandates the award of costs incurred in making a motion to compel unless the moving party failed to make a good faith effort to resolve

the issue without court involvement or the opposing party was substantially justified in its position.

Marsch contends that the County defendants failed to make a good faith effort to resolve the dispute before filing the instant motion. It is undisputed that following Marsch's examination by Dr. Steinhart on June 18, 2003, the County defendants' attorney faxed a letter to Marsch's attorney on June 20, 2003 "asking that you immediately agree to produce Mr. Marsch so that the examination may be completed. Otherwise, I will have no alternative but to take this matter up with the Magistrate." Kelleher Affirm. at Ex. L. Marsch did not respond to the letter and on June 27, 2003, the County defendants filed the instant motion. Docket No. 78.

Marsch contends that the County defendants were required by the "good faith effort" provision to take further steps, such as telephoning or sending additional correspondence to Marsch's counsel, before filing this motion. Pl. Mem. of Law at 10. Where, as here, the moving party has sent a single letter to opposing counsel and taken no further steps to confer on the issue, the moving party has not satisfied its duty to make a good faith effort to resolve the dispute before seeking court intervention. *See Gee v. City of Chicago Public Schools,* No. 01 C 7208, 2002 WL 1559704, at *2 (N.D.Ill. July 12, 2002) ("a single letter is insufficient to demonstrate that Defendant ... attempted to confer with Plaintiff as required ..."); *Williams v. Board of County Comm'rs of the Unified Gov't of Wyandotte County & Kansas City, Kan.,* 192 F.R.D. 698, 699 (D.Kan. 2000) ("A single letter between counsel which addresses the discovery dispute ... does not satisfy the duty to confer"). Accordingly, the County defendants have failed to meet this requirement for obtaining an award of costs and attorney's fees. Their request for such an award is denied.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the motion of the County defendants (Docket No. 78) is:

1. **GRANTED** to the extent that it seeks an order compelling Marsch to undergo re-examination by Dr. Steinhart without the limitation imposed by Marsch's attorney, the date of that re-examination to be determined at a conference with the parties scheduled for October 20, 2003; and

2. **DENIED** as to the request for an award of costs and attorney's fees.

**IT IS SO ORDERED.**