**LAEONE BRUCE, Plaintiff**

v.

**KENNETH L. BRUCE, Defendant**

Civil No. 515/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 14, 1980

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for plaintiff*

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks a protective order pursuant to Rule 34 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 34 (1966),[1] directing her deposition be taken in Atlanta, Georgia where she now resides rather than in St. Thomas, Virgin Islands, or that defendant compensate plaintiff for travel and hotel expenses incurred if she is deposed in St. Thomas. Alternatively, plaintiff asks that the defendant be directed to proceed upon written interrogatories, or that the defendant be required to notice the oral deposition for the week of the trial so that plaintiff will not be required to make two trips to St. Thomas.

---

[1] These rules are made applicable to this court by 5 V.I.C. App. IV, R. 7 (1966).

Plaintiff has attached her attorney's affidavit stating that, "after having been beaten and abused by the defendant, and upon her doctor's order," she left the Virgin Islands and now resides in Atlanta. Counsel's affidavit also incorporates by reference a previously filed affidavit of plaintiff in which the plaintiff states she cannot afford air fare to St. Thomas for the deposition. Plaintiff also asserts that the matters on which defendant desires to interrogate plaintiff are relatively simple so that written interrogatories would be sufficient.

 It is well settled that the court has great discretion in designating the location of taking depositions. Thompson v. Sun Oil, 523 F.2d 647 (8th Cir. 1975); see Twardzik v. Sepavley, 286 F.Supp. 346 (E.D. Pa. 1968), and each motion to change location is to be considered on its own facts and equities. Powell v. International Foodservice System, Inc., 52 F.R.D. 205 (D. P.R. 1971). As a general rule, a plaintiff must submit to oral examination in the district in which he has brought suit. See generally 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2112 (1970) and the cases cited therein. However, a defendant does not have an absolute right to examine the plaintiff orally at the forum, and the general rule may be varied in exceptional circumstances. Montgomery v. Sheldon, 16 F.R.D. 34 (S.D. N.Y. 1954), see Hyam v. American Export Alliance, Inc., 213 F.2d 221 (2d Cir. 1954). The court believes the plaintiff in the instant case has failed to demonstrate the necessity for the court to make an exception to the general rule.

 Plaintiff filed this suit in August of 1979 and moved to Georgia approximately two months later. Although plaintiff's attorney states that plaintiff moved upon her doctor's order, no doctor's affidavit is submitted. Moreover, the court does not believe that the expense involved in travelling from Georgia to the Virgin Islands is unusually or seriously burdensome for a plaintiff who voluntarily left the islands after filing suit here. See Hyam v. American Export Alliance, Inc., supra.

 Furthermore, the allegations the plaintiff has lodged against defendant are of such a nature that the court believes an oral deposition would be more valuable to defendant than oral interrogatories and that defendant should not be required to wait until the week of trial to determine the credibility of plaintiff, the basis of her claims, and to plan an adequate defense. The court also is disturbed that although plaintiff had notice of the oral deposition approximately one month before the deposition date, plaintiff did

not inform defendant that she would not attend until the day before the date set. This raises a question of the good faith of the plaintiff.

■ The defendant also has filed a motion for an order requiring the plaintiff to submit to a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 35, 5 V.I.C. App. IV, R. 7. The plaintiff clearly having put her mental and emotional condition in issue, the court believes defendant is entitled to such an examination. Schlagerhauf v. Holder, 379 U.S. 104 (1964). Wherefore it is hereby

ORDERED that plaintiff's motion for a protective order is hereby denied, and it is further

ORDERED that defendant's "motion for order for mental examination" is hereby granted and defendant is directed to make arrangements for said mental examination in coordination with the taking of the deposition of the plaintiff.