393 S.E.2d 666

**STATE of West Virginia ex rel. Glenville Roy HESS**

v.

**The Honorable Patrick G. HENRY III, Judge, Thirty–First Judicial Circuit.**

No. 19549.

Supreme Court of Appeals of West Virginia.

May 17, 1990.

Robert D. Aitcheson, Charles Town, for Glenville Roy Hess.

Patrick G. Henry, III, Judge, Martinsburg, pro se.

William R. McCune, Jr., Jackson and Kelly, Martinsburg, for Alleghany Pepsi–Cola Bottling Co.

NEELY, Chief Justice:

The petitioner, Glenville Roy Hess, seeks a writ of prohibition against the respondent, the Hon. Patrick G. Henry III, forbidding the judge from enforcing a ruling in his court, the Circuit Court of Berkeley County, on a discovery motion in a civil action in which Mr. Hess is the plaintiff.

On 4 August 1986, Mr. Hess was involved in an automobile collision near Martinsburg, West Virginia, with a delivery van driven by Danny T. Householder, who was making deliveries for his employer, Alleghany Pepsi–Cola Bottling Co. The van was leased to Alleghany by the Keene Leasing Co. Mr. Hess brought an action in Berkeley County, Civil Action 88–C–311, against Mr. Householder, Alleghany, and Keene, alleging that he had been injured as a result of the defendants' negligence.

As the plaintiff in a personal-injury action, Mr. Hess put in issue his physical condition. Specifically at issue were neurological problems Mr. Hess had suffered before the automobile accident. Therefore, as part of discovery, the defendants moved under Rule 35, *W.Va.R.C.P.* [1978], that the court should direct Mr. Hess to submit to a physical examination by an "independent physician," Dr. Robert Cirincione. The court ordered the examination.

Mr. Hess appeared for the scheduled examination with a legal stenographer in tow. Dr. Cirincione objected to performing the examination in the stenographer's presence, and Mr. Hess refused to continue without her. The defendants filed a motion to compel discovery, which the court granted, disallowing the stenographer's presence. Mr. Hess sought a writ of prohibition in this Court, in order to secure the stenographer's presence. We refused to grant Mr. Hess a hearing on the matter.

A second examination was scheduled, but Mr. Hess insisted on bringing a tape recorder along to document the examination. Dr. Cirincione again objected that this would be intrusive and unfruitful, a neurological examination being "neither verbal nor auditory, nor otherwise capable of recordation." The defendants moved to compel discovery without the tape recorder, which motion the court granted. The court refused, however, to require the defendants to disclose to Mr. Hess or his counsel in advance the precise types of tests Dr. Cirincione would conduct or the manner in which they would be conducted. In the

trial court's opinion, such notice would allow Mr. Hess to "prepare" for the tests, possibly skewing the results.

Mr. Hess then sought the writ of prohibition before us now. We now grant the writ and hold that Mr. Hess is entitled to prior notice of the scope and manner of the examination, but, in the absence of a showing of good cause, it was not an abuse of the trial court's discretion to deny the petitioner's request to tape-record the examination.

## I. Scope and Manner of Examination

■ Rule 35, *W.Va.R.C.P.* [1978], provides in plain language that an order directing a party to submit to a physical examination "shall specify the . . . manner, conditions, and scope of the examination." The trial judge was therefore without discretion to withhold this information from Mr. Hess. The court must furnish Mr. Hess with some notice of the types of tests to be performed.

## II. Recording the Examination

■ Rule 35, *W.Va.R.C.P.* [1978], is silent on an examinee's right to record the examination, electronically or stenographically, or to have his lawyer or personal physician present. Courts interpreting Rule 35, *F.R.C.P.*, on which our Rule 35 is based, have generally held that there is no such right.[1] *See, e.g.: Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588 (S.D.W. Va.1988); *Schempp v. Reniker*, 809 F.2d 541 (8th Cir.1987); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543 (S.D.N.Y. 1978). We recognize the general rule that there is no such right under Rule 35.

In several decisions interpreting Federal Rule 35, trial courts have allowed the party being examined to have present his own physician. This was done with no particular showing by the party to be examined in *Klein v. Yellow Cab Co.*, 7 F.R.D. 169 (N.D.Ohio 1945) (physical injuries); *Lowe v.*

*Philadelphia Newspapers*, 101 F.R.D. 296 (E.D.Pa.1983) (psychiatric exam); *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635 (E.D.Wisc.1984) (exam by defendant's psychiatrist—plaintiff's lawyer or physician may attend); and *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D.Md.1960) (physical injuries—plaintiff's physician, not lawyer, may attend examination by defendant's physician). The trial court judges in these cases were exercising their discretion in allowing the party being examined to have his own physician present. Because these rulings were not challenged on appeal, however, we do not know whether the federal appeals courts would have found any abuse of discretion under the circumstances.

The federal appeals courts, interpreting Federal Rule 35, have generally held that the party being examined has no inherent right to have others present during a court-ordered examination. *Sanden v. Mayo Clinic*, 495 F.2d 221 (8th Cir.1974), is an instructive case. The plaintiff in a medical-malpractice action was ordered to submit to a neurological examination. The trial court refused to allow the plaintiff's physician to accompany her during the examination. The appeals court held:

> The manner and conditions of a court-ordered medical examination, as well as the designation of the person or persons to conduct such an examination, are vested in the sound discretion of the trial court. Although the examined party will usually be permitted to have his or her own physician present, we find that under the circumstances of this case [the trial judge] did not abuse his discretion. No argument was advanced that a physician of her own choosing was needed to protect the [plaintiff's] privacy, or to shield her from embarrassment.

*Id.* at 225 (citations and notes omitted).

■ We believe that the court in *Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D.

---

1. Court-ordered examinations of criminal defendants raise entirely unrelated *constitutional* concerns, such as the right to counsel and the right against self-incrimination. Therefore, the petitioner's reliance on *State v. Jackson*, 171 W.Va. 329, 298 S.E.2d 866 (1982), is unfounded. In that case, this Court expressed concern that

*criminal defendants* have some protection against self-incrimination in court-ordered psychiatric examinations. *See generally* Note, "Requiring a Criminal Defendant to Submit to a Government Psychiatric Examination: An Invasion of the Privilege Against Self–Incrimination," 83 Harv.L.Rev. 648 (1970).

588, 589 (S.D.W.Va.1988), had it right in holding that, in a court-ordered medical examination, a third party "should not be allowed to be present absent a showing of good cause." The rationale holds as well for a tape recorder. We believe that good cause must be shown for any intrusion into the process that might interfere with the examination, including a tape recorder. We decline to specify what might constitute "good cause," but it should be a circumstance that implies that the truth-finding function of the examination may be threatened absent the requested presence.

Because Rule 35 is silent on the matter, it is left, as unprovided-for discovery questions generally are, to the sound discretion of the trial court. In a proper case, the examinee's request to record the procedure should be granted. There are several important policies involved. The examinee should not be allowed to interfere with the physician's examination. Thus, the more intrusive it would be to grant the examinee's request, the less legitimate the request becomes. For example, a request that the examinee's lawyer attend should generally be denied. By the same token, an unobtrusive device, such as a tape recorder, presents little risk of interference in the physician's examination. There is some harm even in the latter, however. If the examinee's counsel has a transcript of the entire examination, and wishes to use the transcript extensively at trial to impeach the physician's testimony, there may be a trial within a trial, distracting the jury from the central issues in the case. Effective cross-examination may usually be had by resort to the physician's report and testimony by other expert witnesses called by the examinee at trial.

Perhaps the most important consideration is the accuracy and fairness of the examining physician's report. If the examining physician habitually gives misleading testimony or is generally biased in his expert opinions, then the truth-finding function of expert witnesses may be threatened. In such a case, it may be vital for the examinee to have his own witness at the examination to allow him to expose such bias at trial in a concrete fashion, that is, by reference to what actually went on in the examination. Upon such a showing, the trial court should allow the examinee to record the examination, in the least intrusive fashion possible.

 In this case, we believe, the plaintiff has made no particular showing of good cause to support his request to taperecord the ordered examination. Nonetheless, the plaintiff should be given some opportunity to do so. The trial judge should offer the plaintiff a hearing on the matter. If the judge then decides the matter within his sound discretion, no recourse will lie in this Court.

For the reasons above, the petitioner is entitled to a writ of prohibition against the examination's proceeding without his receiving prior notice of the manner and scope of the examination, but the petitioner is not entitled to a writ of prohibition concerning his request to record the examination electronically.

Writ, as Moulded, Awarded.