708 A.2d 1246

ANTHONY BRIGLIA, ET UX., PLAINTIFFS, v. EXXON
COMPANY, USA, ETC., ET AL., DEFENDANTS.

WING KEN WONG, ET UX., PLAINTIFFS, v. DORRI L. FARLEY,
AND ALBERT E. FARLEY, JR., J/S/A, DEFENDANTS.

KRISTA BIENKOWSKI, PLAINTIFF, v. RICHARD
BITTNER, DEFENDANT.

IWONA Z. PAWELEK, ET VIR., PLAINTIFFS, v. DARIUSZ
T. MAZUR, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided November 19, 1997.

*Benjamin Folkman* for plaintiffs Briglia (*Van Syoc Law Offices*, attorney).

*Patrick J. Conlon* and *Joseph T. Walsh*, for defendant Exxon.

*Richard T. Barth* for defendant Ten Hoeve Brothers, Inc., (*Bernadette A. Duncan*, attorney).

*Philip T. Ciprietti* for plaintiffs Wong.

*Cheryl L. Cooper* for defendants Farley, (*Green, Lundgren and Ryan*, attorney).

*Philip T. Ciprietti* for plaintiff, Biendowski.

Michael A. Naipawer for defendant Bittner (*Green, Lundgren and Ryan,* attorney).

*Philip T. Ciprietti* for plaintiffs, Pawelek.

*Matthew K. Mitchell* for defendant Anthony (*Green, Lundgren and Ryan,* attorney).

WELLS, III, A.J.S.C.

These four cases, otherwise unrelated, are before the Court on a common issue, each brought by motion returnable on successive motion days. They are all personal injury cases involving physical injury. In all four cases the defendants have requested an independent medical exam (IME) of the plaintiff. Plaintiffs, in response, while recognizing their obligations to attend such exams under *Rule* 4:19, seek leave to have counsel present during the exam or to have it recorded. In all four cases, *Briglia, Wong, Bienkowski,* and *Pawelek,* the defendants have filed motions to compel plaintiffs to attend without counsel and/or without recording devices.*

In *Briglia,* there has developed a clash of how doctors and lawyers perceive their respective professional responsibilities—medical and legal—in the situation. The doctor chosen by Exxon will not as a matter of policy, based on his concept of the doctor-patient relationship, conduct an IME if it is attended by a third person or is recorded. It is clear legally, at least, that no patient-physician privilege arises in the case of an IME. The results of the IME are an open book to all parties. At the same time, it is plaintiff's law firm's policy to attend every IME as part of its aggressive advocacy of its client's interests. Plaintiff's counsel's office policy is no more of a basis for ruling on these motions, than is the doctor's concept of privilege. Plaintiff claims that generally such attendance can be worked out by consent and, in fact, when it

---

*The term "plaintiff", as used in this opinion, excludes "plaintiffs", where there is more than one, and "plaintiffs" includes a single plaintiff.

has been raised, it has been successful in several unreported decisions. Clearly, in this case, if plaintiff prevails, Exxon will have to choose another examining doctor.

In the *Wong* case, the parties are less doctrinaire, but the motion turns on a contest over the practical difficulties of protecting the plaintiff in what has become a very sensitive area of the adversary atmosphere of these cases. Plaintiffs assert the IME is a misnomer, that the exam is clearly a defense exam and is thus inherently part and parcel of the adversary process. They claim that no just reason exists to keep counsel out or to stop the recording of it, such that conflicts as to what was actually said during the exam may be avoided.

*Bienkowski* involves dental injuries which allegedly resulted from an automobile accident. Plaintiff's counsel informed plaintiff by letter that they intended to videotape and/or audiotape the dental exam. Defense counsel then rescheduled the exam allowing time to file the present motion to compel an unrecorded exam. *Pawelek* involves alleged neurological injuries. In both cases defendants rely on the fact that it is not custom or practice in New Jersey to permit counsel and/or recording devices in the examining room of the physician during an IME and that plaintiff has not demonstrated "good cause" under *Rule* 4:19 for why these exams should deviate from ordinary practice.

The court believes that a decision permitting attendance at IMEs would constitute a change in the present practice. In practice the unaccompanied or unrecorded exam is the norm. In *Stoughton v. BPOE No. 2151*, 281 *N.J.Super.* 605, 658 *A.*2d 1335 (Law Div.1995), holding that the attendance of counsel or the recording of the IME would not be permitted during a psychiatric exam, the court acknowledged the usual practice is not to accompany the examinee into the examining room, largely on the theory that it turns the IME into an adversarial proceeding. *Id.* at 607, 658 *A.*2d 1335.

New Jersey presently has no rule or case law specifically dealing with attendance or recording of medical exams that are

not psychiatric in nature. Other state courts have addressed the issue of whether a party in a civil action has a right to have counsel present or utilize a recording device during an exam done by a physician hired by the opponent and have produced varying results. Both New York and Florida permit the party to have its attorney present during the exam as a matter of course. *See Reardon v. Port Auth.*, 132 *Misc.*2d 212, 503 *N.Y.S.*2d 233, 234–35 (1986); *Bartell v. McCarrick*, 498 *So.*2d 1378, 1379 (Fla.App.1986). In California either party has the right to request a court reporter to be present at the exam. *Gonzi v. Superior Court*, 51 *Cal.*2d 586, 335 *P.*2d 97, 99 (1959). In addition to the court reporter, the party is also entitled to have an attorney present during a physical exam. *Sharff v. Superior Court*, 44 *Cal.*2d 508, 282 *P.*2d 896, 897 (1955). Both Wisconsin and Oregon have placed the burden on the plaintiff who is to be examined to demonstrate why his or her attorney should be present. *See Whanger v. American Family Mutual Ins. Co.*, 58 *Wis.*2d 461, 207 *N.W.*2d 74 (1973); *Pemberton v. Bennett*, 234 *Or.* 285, 381 *P.*2d 705 (1963). The federal courts have consistently held that the plaintiff's attorney may not be present during these exams. *See Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 *F.R.D.* 68 (E.D.Pa.1996); *Brandenberg v. El Al Israel Airlines*, 79 *F.R.D.* 543, 544 (S.D.N.Y.1978).

After reviewing the arguments set forth in these cases and the varying approaches taken, the court is most persuaded by the Wisconsin and Oregon approach, which places the determination within the sound discretion of the trial court and places the burden on the plaintiff wishing to have an attorney attend or wishing to record the IME. *See Whanger*, 58 *Wis.*2d 461, 207 *N.W.*2d 74. *Rule* 4:19 allows for physical or mental exams of a party in cases where the physical or mental condition is in controversy. However, the rule is discretionary. The order may be made only upon a showing of good cause. *Rule* 4:19. The court recognizes plaintiffs' attendance at IMEs has become so commonplace that motions under *Rule* 4:19 are relatively rare, except to fix a date for the exam in cases where voluntary scheduling has broken down or

where the plaintiff has failed to appear. The rule allows the court to specify the time, place, manner and scope of the exam. It permits the court to order other conditions relating to the exam as well. It therefore follows that the framework provided by the rule places the burden on plaintiffs to justify why in their particular case their attorney should be present and/or a recording device should be used. This showing of good cause is the standard established by *Rule* 4:19 and, accordingly, should be the standard utilized to alter what has, by custom, become the normal conduct of IMEs under the rule.

There does not appear to be a compelling justification for a blanket rule either allowing or prohibiting recording devices or the attendance of attorneys at IMEs in all cases. Those in favor of third parties or recording devices at IMEs have expressed concern about intrusive questions regarding liability being asked during the exam and conflicts as to what was said or actually took place during the exam. They propose that the presence of an attorney or a recording device would end any conflicts that may arise. However, as stated by Justice Moore of the Alaska Supreme Court in his dissenting opinion in *Langfeldt–Haaland v. Saupe Enterprises,* 768 *P.*2d 1144, 1147 (Alaska 1989), there does not appear to be any justification for such a general mistrust of the physicians conducting the IMEs, even though the doctor is presumably partisan. *Id.* at 1147. There does not appear to be a legitimate basis for assuming that physicians hired to conduct IMEs will exploit the plaintiff or exceed the legitimate scope of the examination.

There are also many problems that may arise even after allowing the attendance of an attorney or a recording. For example, ethical implications arise if the plaintiff's attorney is called to testify at trial to resolve what happened during an IME. The probative value of the exam might be skewed by the patient's reluctance to answer questions that are necessary to form a proper diagnosis. The presence of a third party during an exam may also make a physician uncomfortable and hesitant to conduct

the examination thoroughly. Another concern is the problem that arises in *Briglia*, that many reputable doctors will be unwilling to perform IMEs with additional persons or recording devices present. This will result in limiting the choice of physicians.

The cases which allow the attendance of a third party or a recording device either ignore or disregard the many practical problems involved. Should an attorney be permitted to interrupt the exam? There will also be additional problems with scheduling the exams if the schedules of the party and physician must be coordinated with the schedules of the attorney and/or court reporter. If the plaintiff's attorney is permitted to attend, there is a concern that it is an unfair advantage unless defense counsel is also permitted to attend exams by plaintiffs' examining doctors. There are also issues relating to the safeguarding of audio and video tapes and the standards for recording the IME.

While these issues may be worked out, there does not appear to be reason to do so on a general basis. It should instead be done on a case by case basis. The federal courts which have held that attendance by a third party or recording device is prohibited, have expressed concern about interjecting an adversarial element into what should be a non-adversarial medical evaluation. The courts have reasoned that depositions and cross examination of the physician are sufficient safeguards against any partiality on the part of the physician. This court agrees that in most cases, this safeguard is sufficient, especially given that the doctor's report is served on all counsel. In particular cases where attendance by a third party or recording of an exam is permitted, the court will be able to set appropriate conditions which reflect the facts of the case and the concerns of the parties.

Although the matter rests within the discretion of the trial court, some guidance should be given not only for the sound exercise of the discretion, but for the assistance of plaintiffs' counsel seeking to file similar motions. This court agrees with the Supreme Court of Wisconsin that:

Opposing counsel's presence is not necessary and ordinarily he can add nothing to the adequacy of the examination. There may be instances where the character, personality or sophistication of the personal injury claimant are such that his counsel could give him assurance and confidence and assist in communicating so as to be beneficial to the examining physician and provide for a more accurate examination. There also may be instances of hostility between the physician and the claimant. In these and other situations where a need or prejudice is established, counsel should be permitted to be present However the burden to show need or prejudice should be upon the claimant.

[*Whanger,* 207 *N.W.*2d at 79.]

If a plaintiff has special circumstances which would cause an unfair burden by attending an unrecorded exam alone, the court may exercise its discretion and order that counsel or other party may attend or that the exam may be recorded. *See Di Bari v. Incaica Cia Armadora, S.A.,* 126 *F.R.D.* 12, 14 (E.D.N.Y.1989) (holding that a court reporter may attend exam because of plaintiff's difficulty with English and the fact that it would be difficult to relate events of exam to his attorney).

In *Briglia,* plaintiff's counsel has not presented any justification for requesting a third party to be present or for recording the exam other than the law firm's general policy to zealously represent their clients. Plaintiff's counsel in *Bienkowski* also has also failed to set forth specific reasons why a recording of the examination in this case is necessary. In *Pawelek,* the plaintiff's counsel relies on the adversarial nature of an IME and claims that they would welcome a request by defense counsel to videotape one of plaintiff's exams. However, once again plaintiff's counsel has not presented any factual justification for recording of this plaintiff's exam. In all three cases, there has been nothing presented to indicate that there are any problems with the particular patients being able to communicate with the doctors or to understand the doctors' questions. There also does not appear to be any past history between the doctors and the patients that would warrant suspicion. Accordingly, plaintiffs have not made the necessary showing to justify attendance of an attorney or the presence of a recording device at the exam.

Plaintiff's counsel in *Wong* also has failed to demonstrate good cause. Plaintiff relies on the premise that there are often factual and medical disputes arising out of exactly what took place during an IME. There is, however, nothing particular in this case to suggest that this type of problem will arise. Plaintiff points to the fact that the doctor has previously written defense reports for defendant's firm and other insurance companies and defense law firm's over the past 25 years. However, this alone is not sufficient evidence that the physician will mischaracterize the events of the exam.

■ Plaintiffs who wish to alter the standard procedure for IMEs should respond to a motion to compel to an IME pursuant to the standard set forth above. Plaintiff should specify reasons why a deviation from standard practice is necessary and should specify which modality they are requesting, that is whether they are requesting that their attorney be present, the exam be video-taped, audio recorded or attended by a third party other than counsel. An explanation of why the particular method chosen is best should also be presented to the court. With this information before it, the court can then in its discretion determine whether there is good cause for allowing the attendance of a third party or the presence of a recording device in each case.

In the cases presently before the court there have either been no reasons presented or those presented are not adequate to establish good cause. The motions to compel unaccompanied and/or unrecorded IMEs in all four cases are granted.