704 A.2d 979

B.D., PLAINTIFF–APPELLANT, v. RICHARD CARLEY, INDIVIDU-
ALLY AND IN HIS OFFICIAL CAPACITY, DEFENDANT–RE-
SPONDENT, AND GREGORY SAKOWICZ, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; AND DEBORAH PORITZ,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; AND
THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted December 8, 1997—Decided January 12, 1998.

Before Judges DREIER, KEEFE and WECKER.

*Van Syoc,* attorneys for appellant (*Benjamin Folkman,* on the brief).

*Belsole & Kurnos,* attorneys for respondent Richard Carley (*Kevin Weinman,* on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Plaintiff's motions for leave to appeal and for summary disposition are granted, and the decision is rendered summarily on the moving papers. *R.* 2:8–3(b).

Defendant, Richard Carley, scheduled a psychological examination of plaintiff in a case where her emotional state had allegedly been placed in issue. Plaintiff's counsel indicated that his client intended to use a recording device to obtain an audio record of the examination, whereupon defendant moved to have plaintiff precluded from making such a recording. The trial judge by order dated October 31, 1997, granted defendant's motion. The judge relied upon the examining psychologist's statement that she believed audiotaping would influence the examination and might affect the examination's validity.

The court relied upon *Stoughton v. B.P.O.E. No. 2151*, 281 *N.J.Super.* 605, 658 *A.*2d 1335 (Law Div.1995), in which the judge determined that plaintiff's counsel could not be present during a psychological examination, nor could a recording be made. The judge in *Stoughton* recognized the split in authority throughout the country as to whether counsel should be present at physical, psychological or psychiatric examinations. He relied upon the authority excluding counsel from psychiatric or psychological exams, and particularly *Pedro v. Glenn*, 8 *Ariz.App.* 332, 446 *P.*2d 31 (1968) and *Edwards v. Superior Court of Santa Clara County*, 16 *Cal.*3d 905, 130 *Cal.Rptr.* 14, 549 *P.*2d 846 (1976). Based on both of these decisions, the *Stoughton* court expressed the view that counsel should be excluded from psychiatric examinations, although the judge also noted that upon a showing of good cause counsel might be present, citing additional authority. *See Stoughton, supra*, 281 *N.J.Super.* at 609, 658 *A.*2d 1335.

A later California decision, however, *Vinson v. Superior Court of Alameda County*, 43 *Cal.*3d 833, 239 *Cal.Rptr.* 292, 740 *P.*2d 404 (1987), noted that although counsel should not be present, the plaintiff could record the examination on audiotape. *Ibid.* 239 *Cal.Rptr.* at 300–01, 740 *P.*2d at 412. In fact, a number of the authorities cited in the *Stoughton* decision suggested audio recording as an alternative to the presence of counsel, where such presence was denied.

However, after reviewing all of the cases involving the presence of counsel, the court in *Stoughton* added a statement, without citing any authority, that "[a]llowing the presence of a tape recorder in lieu of a third party would have the same influence on the patient's responses either consciously or subconsciously." 281 *N.J.Super.* at 611, 658 *A.*2d 1335.

In *Jakubowski v. Lengen*, 86 *A.D.*2d 398, 450 *N.Y.S.*2d 612 (1982), a case involving a physical as opposed to a psychological examination, the court noted:

The presence of plaintiff's attorney at such examination may well be as important as his presence at an oral deposition. A physician selected by defendant to

examine plaintiff is not necessarily a disinterested, impartial medical expert, indifferent to the conflicting interests of the parties. The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions ... [i]f the attorney's participation intrudes upon the examination, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his examination.

[*Ibid.* 450 *N.Y.S.*2d at 614].

We can well understand that in a psychological or psychiatric examination the presence of counsel could be distracting. But plaintiff has not sought to have her attorney present. She has requested only that a recording device be used.

We determine here that the defense psychologist does not have the right to dictate the terms under which the examination shall be held. This is a discovery psychological examination, not one in which plaintiff is being treated. Plaintiff's right to preserve evidence of the nature of the examination, the accuracy of the examiner's notes or recollections, the tones of voice and the like outweigh the examiner's preference that there be no recording device.[1]

Insofar as *Stoughton v. B.P.O.E. No. 2151, supra,* generally limits without special reasons, the presence of counsel or a representative at physical examinations (other than psychological or psychiatric examinations) and also limits the use of recording devices at psychiatric or psychological examinations, the opinion shall be deemed overruled.

The order prohibiting the recording of the psychological examination is reversed, and the matter is remanded to the Law Division for the entry of an order permitting plaintiff to employ an unobtrusive recording device during the examination.

---

[1] Defendant has also objected that the use of such a device would give the plaintiff better evidence than the defendant concerning what had transpired during the examination. This can be remedied by a requirement that the plaintiff's attorney supply defendant's counsel with a copy of the recording.