Brassard, J.
Defendants, Guy Urban and Charlyn Bethell, have brought a motion for a protective order barring the plaintiff, Janet Kutner’s, attorney, Robert Kutner, from attending her medical examination by a defense expert pursuant to MassR.Civ.P. 35. The defense objects to the presence of counsel at the examination, given the risk of counsel interference with the examination, the full faculties of the plaintiff, and the principles of fairness contained within Rule 35. The plaintiff argues that her attorney, who is also her brother, would not interfere with the proceedings, would provide emotional support, and that his presence at the examination would be the only way to attain a full factual basis for the cross-examination of the defense expert, Dr. Albert Fullerton. For the following reasons, the defendant’s motion is allowed.
BACKGROUND
Ms. Kutner was allegedly attacked by Mr. Urban and Ms. Bethell’s dog in 2001. As a result, she alleges that she sustained back and neck injuries. She has voluntarily agreed to submit to an examination by a doctor chosen by the defense, Dr. Fullerton, which examination was scheduled to take place October 27, 2003. She requested that her attorney be present at the examination. Attorney Kutner informed the defense of his intent to accompany the plaintiff, at which point the defense filed this motion.
DISCUSSION
Rule 35 states that when the mental or physical state of a party is at issue, that party may be forced to submit to an exam upon a showing of “good cause” and upon notice to the person to be examined. Mass.R.Civ.P. 35. The issue of whether or not a plaintiffs attorney may be present at a Rule 35 examination has not been analyzed at any length by a Massachusetts court. The issue has been taken up, however, in several other states and in the federal courts.
The relevant body of law can be divided into three categories of rulings on the subject. The first category bans the presence of counsel. This category is almost exclusively seen in the federal courts, although it is by no means a unanimous view throughout the federal courts. See Cabana v. Forcier, 200 F.R.D. 9, 12 (D.Mass. 2001); Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 628-34 (D.Kan. 1999); Holland v. United States, 182 F.R.D. 493, 495-96 (D.S.C. 1998).
The second category allows the presence of counsel on an automatic or relatively unhindered basis. The states which adhere to this system are those whose governing statutes or rules of civil procedure allow for third-party presence. Ariz.R.Civ.P. 35(a) (providing for the presence of a “representative” of the examinee during physical examinations); Cal. Code Civ. Proc. §2032(g)(1) (providing for attorney presence, but not participation during physical examinations); Ill.Stat.ch. 735 §5/2-1003(d) (providing for presence of examinee’s attorney, or other such person during physical exams); Mich.Ct.R. 2.311 (establishing that presence of attorney may be permitted through the order permitting the examination); Okla.Stat.tit. 12 §3235(d) (providing for the presence of examinee’s “representative” during examination); Pa.R.Civ.P. 4010(4)(i) (providing for presence of examinee’s attorney or other representative during examination); Langfeldt-Haaland v. Saupe Enterprises, Inc., 768 P.2d 1144, 1146 (Ala. 1989).
The final category allows for the presence of counsel only upon the showing of good cause. See Metropolitan Property & Cas. v. Overstreet, 103 S.W.3d 31, 38 (Ky. 2003); State ex rel. Hess v. Henry, 393 S.E.2d 666, 669 (W.Va. 1990); Whanger v. American Family Mut Ins. Co., 207 N.W.2d 74, 79 (Wis. 1973); Simon v. Castille, 174 So.2d 660 (La. 1965). For the reasons stated below, this court chooses to adopt this final category of allowing for the presence of counsel only upon a showing of good cause.
A. Banning of the Presence of Counsel
Four main rationales have been given as to why certain federal jurisdictions have banned the presence of counsel at Rule 35 exams: (1) the need for one-on-one communication between the doctor and the examinee; (2) Rule 35 examinations are not meant to be adversarial; (3) if opposing counsel cannot be present when the examinee is being examined by his or her own expert, then it is unfair to allow the examinee’s counsel to be present at the Rule 35 exam; and (4) any concerns about the truthfulness or methodology of the examination may be addressed in cross examination. Cabana, supra at 12, quoting Baba-Ali v. City of New York, 1995 WL 753904, at *3 (S.D.N.Y. Dec. 19, 1995).
*66 The first rationale maintains that, in order to receive the candid answers necessary to proper diagnosis, it is vital that the doctor be alone with the examinee and that the examination not be marred by the interference of counsel. Hertenstein, 189 F.R.D. at 630-31. However, this concern must be balanced against the possibility that the examination may become a “de facto deposition.” 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure: §2236, at 496 (2d ed. 1994). The presence of counsel may be vital to protect the examinee from improper questioning by the doctor which questioning may result in adverse omissions relevant to legal issues in the case. Langfeldt-Haaland, supra at 1146; 84 A.L.R.4th 558, 569 (1995). In other words, “a lay person should not be expected to evaluate the propriety of every medical question at his or her peril.” 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: §2236, supra at 500.
This first argument rests on the notion of the second, that Rule 35 exams are not meant to be adversarial in nature. DiBari v. Incaica Cia Armadora, S.A., 126 F.R.D. 12, 13 (E.D.N.Y. 1989). Courts have pointed out that allowing an attorney’s presence would create an adversarial environment and offend ethical physicians. Wood v. Chicago, M., S.P. & P.R. Co., 353 N.W.2d 195 (Minn.App. 1984). At the same time, a Rule 35 exam is conducted by a doctor, selected and compensated by the opposing party, for the purpose of gathering evidence to which he or she will testify at trial. Although the vast majority of Rule 35 exams are no doubt conducted in an impartial and appropriate manner, there may be situations in which the presence of an attorney or a third party is necessary despite the awkwardness of the arrangement.
The third rationale posits that it is procedurally unfair to allow an examinee’s attorney to be present at a Rule 35 exam when the opposing counsel may not be present when the examinee is being examined by his or her own expert. Tomlin v. Holecek, 150 F.R.D. 628, 631-33 (D.Minn. 1993). However, the character of a Rule 35 exam is different from the voluntary exam that a party conducts with a physician of his or her own choosing, in that a Rule 35 exam is a court-ordered exam by a physician of the opposing party’s choosing. The main reason for having an examinee’s attorney present at a Rule 35 exam is to mitigate any improper adversarial questioning by the examining physician. When a party is examined by a physician of her own choosing to acquire evidence in support of her case, there is not the same danger of adversarial conduct.
The final rationale for banning attorneys from the examination room is that the examinee’s attorney may address any objections or concerns in cross examination of the physician at trial. Tomlin, supra at 633. The attorney is furnished with the physician’s report prior to the testimony and may of course speak with the examinee as to what took place in the examination. In addition, the examinee may testify as to her experience and any perceived improprieties on the part of the examiner. Id. But this may be inadequate in some cases. If he was allowed to attend the exam, the attorney would have a more full basis upon which to cross examine the physician, and not be required to rely upon the doctor’s report and what the examinee thought relevant to remember. Dept of Corrections v. Johnson, 2 P.3d 56, 61 (Ala. 2000).
After considering these cases, this court concludes that it is unwise to bar the presence of counsel in all circumstances in the context of Rule 35 exams.
B. Unhindered Presence by Examinee’s Attorney
In contrast to some Federal courts, many states allow for unhindered third party presence during Rule 35 physical examinations. In a minority of states, presence by a third party is permitted by the statute or rule governing court ordered examinations. Ariz.R.Civ.P. 35(a); Cal. Code Civ. Proc. §2032(g)(1); Ill.Stat.ch. 735 §5/2-1003(d). Other states which lack such a provision in their governing rule still allow for the presence of counsel during a Rule 35 examination. For the reasons discussed above, as well as others, such as the examinee’s right to preserve evidence of the nature of the examination, and the easy mitigation of attorney interference, these jurisdictions have chosen to adopt this more lenient stance. Langfeldt-Haaland, supra at 1145; B.D. v. Carley, 704 A.2d 979, 981 (N.J.App.Div. 1998); Tietjen v. Dep’t of Labor and Indus., 13 P.2d 151, 154 (Wash. 1975).
Rules permitting third party presence during Rule 35 physical exams may be questioned on three grounds. First, it will often be the case that presence by an examinee’s attorney will not be necessaiy. The idea that an attorney is needed to keep the exam from becoming too much like a deposition or to appropriately cross-examine a physician stem from the supposition that the examining physician will be acting in an inappropriate or substandard manner. As already noted, this is likely an unusual occurrence.
Second, a rule permitting the automatic presence of an examinee’s attorney in all cases may unnecessarily give an adversarial taint to Rule 35 exams. An attorney should be present only when it can be shown that the examination will likely be adversarial even in his absence. Third, a rule allowing for third' party-presence during Rule 35 exams could greatly reduce the overall effectiveness of the exam. An attorney’s presence might result in objections to reasonable parts of an examination.
For these reasons, some limits on an attorney’s presence are appropriate.
*67 C. Attorney’s Presence Allowed Only After a Showing of Good Cause
In light of the problems arising out of a rule which automatically permits or denies the presence of an attorney during a Rule 35 physical exam, this court concludes that an appropriate rule would allow for attorney presence only upon a showing by the examinee that good cause exists for such presence.
Such a rule appropriately gives the court discretion as to whether an attorney should attend a Rule 35 examination. See Robin v. Associated Indem. Co., 297 So.2d 427 (La. 1973) (providing the trial judge with discretion as to whether attorney’s presence will be allowed during the physical exam); State ex rel. Lambdin v. Brenton, 254 N.E.2d 681 (Ohio 1970) (providing the court with discretion as to whether counsel will be excluded from Rule 35 exams); Pemberton v. Bennett, 381 P.2d 705 (Or. 1963) (leaving the decision as to whether examinee’s attorney may attend physical exam to trial judge’s discretion).
In determining whether good cause exists, the court should first consider if there are any external factors which would suggest a biased or adversarial examination. Factors to consider at this stage include: (a) allegations of past impropriety on the part of the examining physician; and (b) whether the examinee has any needs or disabilities which would warrant the presence of an attorney (language barriers, mental disabilities, or other conditions which would put the examinee in a vulnerable position). Metropolitan Property, supra at 40.
The second area to consider when deciding the existence of good cause is the nature of the exam itself. Id at 41. Embarrassing or invasive exams which would add to the vulnerability of an examinee would be more appropriately attended by attorneys than basic physicals or similarly non-threatening exams. In addition, exams which would involve techniques which are experimental or not generally accepted by the medical community may warrant attorney presence.
When permitted to attend, the attorney will generally be an observer. Absent any improper conduct or questioning on the part of the examining physician, there should be no participation on the part of the attorney. Objections should be limited to questions concerning privileged information, or to those which are outside the scope of the issues in question at trial. The court would be able to remedy any interference caused by excessive objections on the part of the attorney by ordering the examination to be completed outside of the attorney’s presence. See Cal. Code Civ. Proc. §2032 (g)(1).
In this case, the plaintiff has provided no evidence establishing good cause for the presence of her attorney during her Rule 35 exam. Accordingly, defendant’s motion for a protective order is ALLOWED.