WOLINETZ, J.S.C.
*375 This is an action for personal injuries to a seven-year-old girl, who was injured when she was three years old.
Before the court are two motions. First, defendants Road Runner Sports, Inc., Road Runner Sports Retail, Inc., Jason Cytryn, and Rebeccah McCullough (collectively, the "Movants"), seek to compel plaintiff Ryan Wellman ("Ryan") to attend two medical examinations (with Dr. John Cozzone on May 17, 2018, and with Dr. Jeffrey Lakin on May 31, 2018) without condition, *376 without attendance of a third party (including one of her parents), and without the ability to record the examination.
Second, Ryan, Nathyn Wellmann, as Guardian Ad Litem on behalf of Ryan, Nathyn Wellmann, individually as Ryan's father, and Kelly Swift-Wellmann, individually as Ryan's mother (collectively, the "Wellmans"), cross-move for a protective order that permits recording by either audio or video, or both, of any defense medical examinations, and permits third-party representatives to be present during the examinations. For the reasons that follow, *267 the Movants' motion is DENIED, and the Wellmans' cross-motion is GRANTED.
DISCUSSION
A medical examination, such as those sought in this case, is governed by Rule 4:19, which provides the following:
In an action in which a claim is asserted by a party for personal injuries or in which the mental or physical condition of a party is in controversy, the adverse party may require the party whose physical or mental condition is in controversy to submit to a physical or mental examination by a medical or other expert by serving upon that party a notice stating with specificity when, where, and by whom the examination will be conducted and advising, to the extent practicable, as to the nature of the examination and any proposed tests. The time for the examination stated in the notice shall not be scheduled to take place prior to 45 days following the service of the notice, and a party who receives such notice and who seeks a protective order shall file a motion therefor, returnable within said 45-day period. The court may, on motion pursuant to R. 4:23-5, either compel the discovery or dismiss the pleading of a party who fails to submit to the examination, to timely move for a protective order, or to reschedule the date of and submit to the examination within a reasonable time following the originally scheduled date. A court order shall, however, be required for a reexamination by the adverse party's expert if the examined party does not consent thereto. This rule shall be applicable to all actions, whenever commenced, in which a physical or mental examination has not yet been conducted.
[R. 4:19.]
This rule, however, is silent as to the issue in this case, regarding whether the scheduled medical examinations may be recorded. And, New Jersey law discussing whether a medical examination may be recorded is sparse. Essentially, there are two published New Jersey cases that provide this court with guidance:
*377 Briglia v. Exxon Co., USA, 310 N.J. Super. 498, 708 A.2d 1246 (Law Div. 1997), and B.D. v. Carley, 307 N.J. Super. 259, 704 A.2d 979 (App. Div. 1998).
Both of these two cases are discussed in the commentary to the Rule, which explains the considerations this court must balance in this case, see Pressler, Current N.J. Court Rules, comment 3 on R. 4:19 (2018), and also provides the relevant law from Briglia and Carley, see Pressler, Current N.J. Court Rules, comment 4 on R. 4:19 (2018). Comment three provides the balancing test a court must consider in determining when a plaintiff may resist a motion to compel a medical examination:
3. Obligation to Submit to Examination. A requested physical examination may be successfully resisted where it can be shown that its probative value will be substantially outweighed by the mental and physical distress it is likely to cause. Duprey v. Wager, 186 N.J. Super. 81 [451 A.2d 416] (Law Div. 1982). Where the plaintiff claims that the impartial medical examination is physically intrusive, the court must balance the burden to plaintiff and the defendant's need, and if it finds that plaintiff's refusal to submit is unreasonable under the circumstances, sanctions short of dismissal of the claim should be resorted to, including appropriate examination of experts and instructions to the jury. Il Grande v. DiBenedetto, 366 N.J. Super. 597, 611 [841 A.2d 974] (App. Div. 2004).
[Pressler, Current N.J. Court Rules, comment 3 on R. 4:19 (2018).]
*268 Next, comment four more specifically addresses the issues of this case, involving the presence of a third party at a medical examination and recording a medical examination:
4. Conduct of Examination; Report. When a plaintiff is examined for the defense by a psychiatrist or psychologist, he or she is entitled to have the examination recorded by an unobtrusive recording device. B.D. v. Carley, 307 N.J. Super. 259 [704 A.2d 979] (App. Div. 1998). To the extent Stoughton v. B.P.O.E. No. 2151, 281 N.J. Super. 605 [658 A.2d 1335] (Law Div. 1995), suggested that neither recording nor presence of counsel was permissible at a psychiatric or psychological examination, it was overruled by B.D. v. Carley, 307 N.J. Super. at 262 [704 A.2d 979]. In the context of child custody evaluations, a party has a right to record his or her interview but cannot mandate the recording of interviews of other parties or the children. Koch v. Koch, 424 N.J. Super. 542, 553 [38 A.3d 703] (Ch. Div. 2011).
As to representation at or recording of a physical exam, see Briglia v. Exxon Co., USA, 310 N.J. Super. 498 [708 A.2d 1246] (Law Div. 1997) (plaintiff has burden of showing special circumstances warranting attorney's presence at or recording of physical exam). Note, however, that there is dictum in B.D. v. Carley, 307 N.J. Super. at 261-62 [704 A.2d 979], suggesting that the defendant has the burden of showing special reasons to exclude the plaintiff's attorney or other representative from a physical examination.
*378 ....
[Pressler, Current N.J. Court Rules, comment 4 on R. 4:19 (2018).]
In Briglia, 310 N.J. Super. at 498, 708 A.2d 1246, the court was faced with the issues of whether counsel may be present at an independent medical examination for a physical injury and whether the independent medical examination for a physical injury may be recorded. Neither question, as of 1997, had been addressed by New Jersey law. As a result, the court considered how other states addressed the issues.
New York and Florida permitted counsel to be present at a medical examination for a physical injury. Briglia, 310 N.J. Super. at 502, 708 A.2d 1246 (citations omitted). California permitted both a court reporter and counsel to be present at a physical injury medical examination. Ibid. (citation omitted). Wisconsin and Oregon allowed counsel to be present, if the plaintiff being examined could demonstrate why he or she should be present. Ibid. (citations omitted). After reviewing the varying approaches, the Briglia court held that it was "most persuaded by the Wisconsin and Oregon approach, which places the determination within the sound discretion of the trial court and places the burden on the plaintiff wishing to have an attorney attend or wishing to record the IME." Ibid. In explaining its reasoning, the court stated:
the rule is discretionary. The order may be made only upon a showing of good cause. R. 4:19. The court recognizes plaintiffs' attendance at IMEs has become so commonplace that motions under Rule 4:19 are relatively rare, except to fix a date for the exam in cases where voluntary scheduling has broken down or where the plaintiff has failed to appear. The rule allows the court to specify the time, place, manner and scope of the exam. It permits the court to order other conditions relating to the exam as well. It therefore follows that the framework provided by the rule places the burden on plaintiffs to justify why in *269 their particular case their attorney should be present and/or a recording device should be used. This showing of good cause is the standard established by Rule 4:19 and, accordingly, should be the standard utilized to alter what has, by custom, become the normal conduct of IMEs under the rule.
[ Id. at 502-03, 708 A.2d 1246.]
The Briglia court furthered explained that "[t]here does not appear to be a compelling justification for a blanket rule either allowing or prohibiting recording devices or the attendance of *379 attorneys at IMEs in all cases." Id. at 503, 708 A.2d 1246. Subsequently, the court discussed reasons for and against the presence of counsel at medical examinations, explaining that the decision must be made in the sound discretion of the trial court based on the unique circumstances of a given case. Id. at 503-05, 708 A.2d 1246.
In Carley, 307 N.J. Super. at 259, 704 A.2d 979, the issue before the court involved whether an audio recording of a psychological medical examination--not a physical injury medical examination, like in this case or Briglia--was permissible. The Carley court, per Judge Dreier, explained "that in a psychological or psychiatric examination the presence of counsel could be distracting." Id. at 262, 704 A.2d 979. However, the court reasoned that the plaintiff did not seek to have her attorney present; rather, the plaintiff requested to use a recording device only. Ibid. In this regard, the court held that an unobtrusive recording device employed at the psychological medical examination was permissible:
the defense psychologist does not have the right to dictate the terms under which the examination shall be held. This is a discovery psychological examination, not one in which plaintiff is being treated. Plaintiff's right to preserve evidence of the nature of the examination, the accuracy of the examiner's notes or recollections, the tones of voice and the like outweigh the examiner's preference that there be no recording device.
[ Ibid. ]
In a dictum, the court referred to Stoughton v. B.P.O.E. No. 2151, 281 N.J. Super. 605, 658 A.2d 1335 (Law Div. 1995), an opinion rejecting the presence of counsel at a mental examination:
Insofar as Stoughton v. B.P.O.E. No. 2151, ... generally limits without special reasons, the presence of counsel or a representative at physical examinations (other than psychological or psychiatric examinations) and also limits the use of recording devices at psychiatric or psychological examinations, the opinion shall be deemed overruled.
[ Ibid. ]
Accordingly, while there are few cases addressing the issues in this case, the law is clear. It is within this court's discretion to allow counsel, or one of Ryan's parents, or both, to appear with her at the physical examinations, and permit the recording of the physical examinations.
*380 Briglia, 310 N.J. Super. at 502, 708 A.2d 1246. How the burden should be allocated (i.e., whether the plaintiff has the burden of showing special circumstances to warrant the attorney's presence at or the recording of a physical exam, or whether the defendant has the burden of showing special reasons to exclude the plaintiff's attorney or other representative from a physical examination), however, is not clear. Compare ibid. ("[T]he rule places the burden on plaintiffs to justify why in their particular case their attorney should be present and/or a recording device should be used"), and Il Grande, 366 N.J. Super. at 611 n.5, 841 A.2d 974 ("[A]s a result of the 2000 amendment, R. 4:19 and R. 4:10-3 place the ultimate burden of persuasion on the objecting party to demonstrate *270 good cause for granting a protective order." " (citing R. 4:10-3; R. 4:19; Pressler, Current N.J. Court Rules, comment on R. 4:19 (2003) ) ), with Carley, 307 N.J. Super. at 262, 704 A.2d 979 (suggesting that the defendant has the burden of showing special reasons to exclude the plaintiff's attorney or other representative from a physical examination).
Here, Ryan is a seven-year-old child. The subject examinations are physical, not psychiatric. In balancing the burdens on the Movants and their doctors to obtain an independent medical examination to mount an adequate defense, and the Movants' need for information, with the interests of Ryan, the court deems an unobtrusive recording and the presence of one of Ryan's parents, or her lawyer (or a representative from counsel's office), or both, far outweighs the difficulties that counsel for the Movants argues in his brief, namely that these conditions are "impractical" and unfair.
Moreover, Ryan's counsel has met the burden, if it even rests with the plaintiff, to show why the circumstances of this case warrant a recording and the presence of representatives on her behalf. The court emphasizes that this case involves the medical examinations of Ryan, a young child, by two doctors she has never met. The doctors performing these examinations are hired by a party adverse to Ryan's interests and, if necessary, may testify *381 against Ryan at a deposition or at trial.[1] Under these circumstances, an accurate record of the medical examinations (in addition to the doctor's recollection, notes, and report) is crucial to the administration of justice and fair to both sides. At trial, if there is a dispute as to what happened in the examinations, the likelihood of a seven-year-old's testimony adequately countering the testimony of an expert witness's testimony, who has testified hundreds of times, may be low. Additionally, given the technology that currently exists, recording the scheduled medical examinations on a cell phone or a small video recording device, here, can be done without interfering with the performance of the exams. Needless to say, Ryan's counsel (or other representative from his office), or one of Ryan's parents, or both, may attend the examinations without obstructing them in any way.
If the burden lies with the Movants, they have failed to persuade the court why one of Ryan's parents or counsel (or a representative from his office) should be barred from attending and recording the examination. The court notes that the Movants' position, regarding the impracticability for them to place similar conditions on Ryan's treating physician, is misplaced.
A treating physician's examination is done for the purpose of treatment, even if it is done in anticipation of litigation. While aspects of the treatment are subject to discovery, the examination itself is not done as part of discovery-indeed, treatment is normally performed well before a lawsuit is even initiated.
Additionally, the Movants argue that the conditions sought by plaintiff are "unilaterally dictate[d]." This, too, is misguided. As the Briglia court explained, in the event that a dispute arises over Rule 4:19 medical examinations, the court may "specify the time, place, manner and scope of the exam." Briglia, 310 N.J. Super. at 503, 708 A.2d 1246 ; see also Il Grande, 366 N.J. Super. at 616-20, 841 A.2d 974 (balancing the burdens on the defendant with the *382 interests of the plaintiff, and determining *271 the time, place, manner and scope of the exam). If necessary, it is within the court's discretion "to order other conditions relating to the exam as well." Ibid. In the exercise of this court's discretion, I find that the conditions proposed, as detailed above, are appropriate in this case considering her age.
CONCLUSION
For all of the foregoing reasons, the Movants' motion is DENIED and the Wellmans' motion is GRANTED.

The patient-physician privilege is inapplicable to these examinations.